[Crim. No. 3580.   First Dist., Div. One.   Oct. 19, 1959.]

THE PEOPLE, Respondent, v. CLIFFORD SHARP, Appellant.

Saul M. Weingarten, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

WOOD (Fred B.), J.—Convicted of violating Penal Code, section 4530, escape from the state prison at Soledad, defendant has appealed.

(1) *Was it error not to appoint counsel to represent defendant at the trial? No.*

When arraigned, defendant waived counsel. The record does not show what the judge said at that time. The minutes of the court state that upon that occasion "defendant waives his right to be represented by counsel," and that he was ar-

raigned. There is a presumption that "official duty has been regularly performed." (Code Civ. Proc., § 1963, subd. 15), which of course includes a presumption that defendant was duly arraigned and advised of his right to counsel as required by section 987 of the Penal Code. (*People* v. *Justice,* 125 Cal. App.2d 572, 575 [270 P.2d 859].)

Toward the close of the trial the court informed defendant he had the right to take the witness stand and that if he did not an instruction might be given the jury concerning his failure to deny or explain what had been stated by plaintiff's witnesses. Defendant replied, ". . . Your Honor, it seems that I have entered the wrong plea for what I was hoping to prove. It is not no fault of mine; I mean, no fault, but my own." Then the court observed: "Yes, you were granted, as you know, permission to have counsel at any time, and I think those rights were explained, weren't they, Mr. Sharp?" Defendant said, "Yes, they were."

Furthermore, his conduct of his case during the trial indicates he understood what he was doing. We conclude he "had intelligence enough to know what he was doing when he waived his right to counsel." (*People* v. *Justice, supra,* 125 Cal.App.2d 572, 575.)

The implied finding by the trial court that there was competent and intelligent waiver of counsel cannot be disturbed.

■ (2) *Is the evidence sufficient to support conviction of the crime charged? Yes.*

Defendant contends he did not "escape" from the prison (Pen. Code, § 4530) because he did not leave the prison grounds; also that proof of intent to escape is lacking.

The prison was surrounded by a fence. The area between the buildings and the fence was known and used as a "recreation area." The fence marked the outer limits of the security area. Inmates were authorized to be outside the fence only when under supervision following proper authorization. Going beyond that fence without permission would be an unlawful departure from the limits of an inmate's custody even though when apprehended he was in a field (beyond the fence) which also was prison property. (See *People* v. *Quijada,* 53 Cal.App. 39, 41 [199 P. 854].)

There is evidence that defendant was in the recreation yard, rushed toward the fence, scaled it and continued running in the open field beyond. A guard testified that he "fired a warning shot; he [defendant] continued running. I fired again and he fell and lay there, for about, oh, just a few

seconds. Then I proceeded to fire again as he was running and he went into the weeds. And as I saw his rump there, why, I casually fired a shot at his heels, and that continued on for ten rounds.'' Defendant was not wounded and continued to crawl through the field covered with high weeds until he was apprehended by a correctional officer approximately 400 yards from the prison fence.

Upon defendant's person these articles were found: a map, three coins, two lengths of electric wire, some photographs, two slips of paper, one containing the description of a revolver and the other the names and addresses of persons, and a list of assorted firearms. When questioned as to possession of these items, defendant explained that the map delineated a possible escape route; the wire he intended to use to steal a vehicle; and the papers contained information as to the type and source of firearms he planned to obtain.

Later, defendant made and signed a confession in which he said: ''I just want to get out there and be free, that's all, where I could do something. Walking around looking at fence and finally tried to go. Been thinking of this ever since I have been in prison.''

This evidence adequately supports the questioned findings of the jury.

(3) *Did the trial court commit error in finding defendant sane? No.*

The question of sanity was presented by a motion made under the sanction of section 1201 of the Penal Code. ''[I]f, in the opinion of the court, there is reasonable ground for believing him [defendant] insane, the question of insanity must be tried as provided in'' sections 1367-1375 of the Penal Code.

''A defendant is sane within the meaning of this section [Pen. Code, § 1368] if he is able to understand the nature and purpose of the proceedings taken against him and to conduct his own defense in a rational manner. (*People* v. *Gomez,* 41 Cal.2d 150, 158 [258 P.2d 825] ; *People* v. *Aparicio,* 38 Cal.2d 565, 567 [241 P.2d 221].) 'The ''doubt'' mentioned is one that must arise in the mind of the trial judge, rather than in the mind of counsel for the defendant or in that of any third person . . . and the determination of a motion for a hearing upon the issue of a defendant's sanity at the time of trial is one which rests within the sound discretion of the court.' (*People* v. *Lindley,* 26 Cal.2d 780, 789 [161 P.2d 227].) And 'it is only where, as a matter of law,

a ''doubt'' may be said to appear, or where there has been an abuse of the discretion that is vested in the trial judge, in the determination of the question, that the conclusion of the latter properly may be disturbed on appeal therefrom.' (*People* v. *Perry,* 14 Cal.2d 387, 399 [94 P.2d 559, 124 A.L.R. 1123].).'' (*People* v. *Jensen,* 43 Cal.2d 572, 576 [275 P.2d 25]. See also *People* v. *Craig,* 49 Cal.2d 313, 320-321 [316 P.2d 947].)

The only evidence defendant cites as tending to show insanity is a statement in his confession, concerning his intent to escape. He said, ''in a way I kind of hoped I would have got shot.'' Of this, his counsel now says ''defendant had an apparent desire for self-destruction.'' Whatever probative value that might have, it is more than offset by the manner in which he handled his defense during the trial, indicating that at the time of the trial he was ''able to understand the nature and purpose of the proceedings taken against him and conduct his own defense in a rational manner.'' (*People* v. *Jensen, supra,* p. 576.) Especially is there no basis for us, as a reviewing court, to hold as a matter of law that the trial judge had or should have had a doubt as to defendant's sanity.

The judgment and order appealed from are affirmed.

Bray, P. J., and Tobriner, J., concurred.