[Crim. No. 1565.    Fourth Dist.    Feb. 20, 1961.]

THE PEOPLE, Respondent, v. JACKIE HIGHTOWER, Appellant.

Russell E. Parsons and Harry E. Weiss for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Respondent.

SHEPARD, J.—Defendant appeals from judgments of conviction on two counts of unlawful possession of narcotics (count one, marijuana; count two, heroin), and from the order denying defendant's motion for a new trial.

Defendant makes no contention that the facts proved were insufficient to support the judgment. It was stipulated by both the defendant personally and by his counsel that the officers had reasonable cause to search the auto in which the narcotics were found. The reason for this stipulation was to avoid the necessity of revealing to the jury the crime which gave rise to the search, to wit: forgery (to which defendant pleaded guilty and for which he was sentenced on the same day as the sentence in the case here at bar). Defendant also admitted a charge of prior felony conviction of robbery. We therefore find it unnecessary to relate the complete details of the arrest and the finding of the narcotics. In general substance, those facts necessary to a discussion of the criticisms made by defendant on this appeal are as follows:

Approximately one hour before noon on Thursday, January 7, 1960, defendant and a companion, named Cole, were arrested while traveling in an automobile on a downtown street of San Bernardino. At the police station, observation of the

two led the officers to suspicion that both were narcotics users and that both were then under the influence of narcotics. A search of the auto in which the two had been found, revealed marijuana concealed in a package behind the left-hand side of the instrument board, two teaspoons in the glove compartment, and heroin, an eyedropper and a hypodermic needle concealed in another package behind the right-hand side of the instrument board. Tests by an expert chemist later confirmed the identity of the narcotics as above named.

Late in the afternoon of the same day, investigations by the officers had revealed sufficient facts for an intelligent interrogation of defendant. On questioning, defendant admitted the purchase by him of both narcotics, gave conflicting statements as to place of purchase but they were apparently acquired from different sources at different times. He denied the use of narcotics that day. He consented orally and in writing to a nalline test. He was taken to the county hospital and the test was there administered by a qualified doctor, during the time between 5 p.m. and 5:30 p.m. The doctor observed puncture marks along the veins on the inner surface of both forearms of defendant. The test revealed, in the doctor's opinion, the recent use by defendant of a narcotic, morphine derivative, which would include heroin.

## Voluntary Statements and Tests

█ Defendant contends that his statements and the nalline test were not voluntary. The officers and the doctor testified in detail that defendant's statements were given and the test was made without any physical or mental compulsion or coercion of any kind, and were completely voluntary. Defendant's testimony, partly conflicting with the testimony of the officers and the doctor, was rejected by the jury. The weighing of the evidence was the prerogative of the jury. We cannot, on appeal, reweigh it. █ As was said in *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778] :

" 'We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' " See also *People* v. *Love*, 53 Cal.2d 843, 850 [1-2] [350 P.2d 705].

The test appears to have been administered under adequately antiseptic and approved medical precautions. (*People* v. *Duroncelay*, 48 Cal.2d 766, 770 [2-3a] [312 P.2d 690].)

There is no suggestion that the court's instructions to the

jury were erroneous or inadequate. We find no merit in defendant's contention.

### APPEARANCE BEFORE MAGISTRATE

The second contention of defendant is that he was not taken before a magistrate within the time provided by law. Penal Code, section 825, provides, in this respect, that "The defendant must in all cases be taken before the magistrate without unnecessary delay, and, in any event, within two days after his arrest, excluding Sundays and holidays; . . . " It will be observed that the section excludes legal holidays in the calculation of the period of time within which a defendant must be taken before a magistrate. The evidence shows that defendant was taken before a magistrate on Monday, the 11th day of January, during the morning, within two hours of the time the court was open. This was the second legal business day after the day of arrest.

The evidence clearly indicates that the investigations of the officers were pursued diligently and without unnecessary delay. The defendant was brought before the magistrate "within two days after his arrest, excluding Sundays and holidays."

Furthermore, even though we should assume that there was some unnecessary delay, there is no showing in the evidence from which any court could fairly conclude that the alleged illegal detention in any way militated against defendant at his trial or in any way caused an unfair trial. (*People* v. *Blankenship,* 171 Cal.App.2d 66, 81 [13a-14] [340 P.2d 282]; *People* v. *Boyden,* 116 Cal.App.2d 278, 285-286 [6] [253 P.2d 773]; *People* v. *Dosier,* 180 Cal.App.2d 436, 440-441 [4-5] [4 Cal.Rptr. 309].) We find no prejudicial error on this matter.

### CONSULTATION WITH ATTORNEY

There is an apparent complaint by defendant that his constitutional rights were violated in that he was not permitted to see an attorney until after he was taken before the magistrate. The evidence does not show that the fairness of the trial was in any way affected thereby, nor is there any attempt on the part of defendant to make such a showing. Even though we accept defendant's evidence in this respect in full, it is clear that defendant was accorded a full and fair trial, that he had an attorney in ample time to prepare for trial, and that he was not prejudiced by lack of an attorney during the period prior to Monday, the 11th of January. (*People* v. *Crooker,*

47 Cal.2d 348, 353 [4-5] [303 P.2d 753] ; *Crooker* v. *California,*
357 U.S. 433 [78 S.Ct. 1287, 1292 [11], 2 L.Ed.2d 1448];
*People* v. *Grace,* 166 Cal.App.2d 68, 73 [8] [332 P.2d 811];
*People* v. *Guarino,* 132 Cal.App.2d 554, 557 [1-2] [282 P.2d
538].) How much time was taken by preliminary investigation
of the forgery is not shown by the record.

A review of the entire record shows that defendant had a
full and fair trial and no prejudicial error occurred. The
sentences were ordered to run concurrently. No other points
are raised.

The judgment and order denying motion for a new trial
are affirmed.

Griffin, P. J., and Coughlin, J., concurred.