[Crim. No. 4044. First Dist., Div. Three. Apr. 26, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM W. STABLER, JR., Defendant and Appellant.

Anthony DeCristoforo, Jr., under appointment by the District Court of Appeal, and DeCristoforo & DeCristoforo for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Joseph I. Kelly, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—While awaiting trial on a charge of escape from a prison camp (*People* v. *Stabler, ante,* p. 862 [21 Cal.Rptr. 120]), defendant was charged with attempting to escape from county jail (Pen. Code, § 4532). He waived jury trial, was found guilty by the court, and appeals.

He made a hole in the brick wall of the jail about 8 inches by 24 inches in size. He was still working on this project when interrupted by jailers. His cell was some 45 feet above the ground. Mattress covers and blankets were tied to form a rope some 33 feet long. Defendant had stated to his cellmate that he was attempting to escape. At trial, he testified that he wanted to be returned to prison, and decided "to start a phony escape attempt" to gain such return. He denied any intent actually to escape from the jail.

On appeal, he argues that the evidence against him is wholly circumstantial, that a reasonable conclusion from the evidence was that he did not intend to escape, and that therefore the evidence is insufficient to sustain the judgment. We cannot agree.

The rule relied upon by appellant is for the guidance of the trial court. On appeal, we cannot reweigh the evidence to determine that defendant's testimony must be accepted, and that it gives rise to an inference of innocence as reasonable as that of guilt (*People* v. *Bateman,* 175 Cal.App.2d 69, 76 [345 P.2d 334]; *People* v. *Johnson,* 136 Cal.App.2d 665, 671-672 [289 P.2d 90]). Here the evidence of guilt not only is substantial (see *People* v. *Sharp,* 174 Cal.App.2d 520, 522-523 [344 P.2d 796]), it is well-nigh overwhelming.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.