[Crim. No. 4080.   First Dist., Div. Two.   Oct. 15, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD H. BAGLEY, Defendant and Appellant.

484

Richard H. Bagley, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Joseph I. Kelly, Deputy Attorneys General, for Plaintiff and Respondent.

SHOEMAKER, J.—Defendant Richard H. Bagley appeals from a conviction of attempted escape in violation of Penal Code, section 4530, and from an order denying his motion for a new trial.

The facts, which are substantially without dispute, reveal that on May 25, 1961, Richard Bagley and Larry Disbrow were inmates of the State of California Correctional Training Facility at Soledad, California. At approximately 1:45 p. m. on that day, Woodrow Lane, a guard on tower duty in the prison recreation yard, observed Bagley and Disbrow run past the out-of-bounds stakes toward the fence surrounding the yard. Immediately he ordered them to halt; they ignored the order and commenced climbing the fence. Lane then fired a warning shot. The men still continued

to climb, so Lane fired at their feet and Disbrow was wounded. Both men dropped to the ground, and were taken into custody.

Sergeant Raynor asked Bagley what had happened, who replied that he had tried to go over the fence but that he had quit when he heard the shot. Upon further questioning by prison officers, Bagley stated that he and Disbrow had not been planning their escape for any length of time, but that right after lunch they had just suddenly decided to go. When asked why he wanted to escape, Bagley stated that he was doing "ten to life" and that he wanted to be free for a while.

Bagley's story was that he had previously requested a transfer to another institution, and that he had never intended to go over the fence but was merely attempting to create a scene and thereby compel the prison authorities to grant him a transfer. He further stated that he did not hear the tower guard order him to halt before firing, and that he jumped off the fence as soon as he heard the first shot.

On June 21, 1961, the district attorney of Monterey County filed an information accusing Bagley and Disbrow of attempted escape. After a trial by jury, both defendants were found guilty as charged, and judgment accordingly entered. Defendant Bagley appeals therefrom.[1]

Appellant's first contention is that the testimony of the witnesses for the prosecution was contradictory, conflicting and argumentative, and that the evidence was therefore insufficient to support his conviction for attempted escape. This contention is wholly without merit. An examination of the record reveals that all of the "contradictions" and "conflicts" complained of are so minor in nature as to be almost imperceptible, and, in addition, have little or no bearing on the question of appellant's guilt. In any event, the credibility of witnesses is for the determination of the trier of fact. (*People* v. *Haywood* (1955) 131 Cal.App.2d 259, 261 [280 P.2d 180].) "On appeal, the court is bound by the findings of the trial court, if there is substantial evidence, contradicted or uncontradicted, to support the conclusion arrived at in the court below." (*People* v. *Johnson* (1955) 136 Cal.App.2d 665, 671 [289 P.2d 90].) The

[1]Although notice of appeal was also filed by defendant Disbrow, he failed to file an opening brief after notice duly given in accordance with California Rules of Court, rule 17(a),* and his appeal was therefore dismissed.

*Formerly Rules on Appeal, rule 17(a).

record shows evidence clearly sufficient to support his conviction for attempted escape. (See *People* v. *Sharp* (1959) 174 Cal.App.2d 520 [344 P.2d 796]; *People* v. *Stabler* (1962) 202 Cal.App.2d 866 [21 Cal.Rptr. 122].)

Appellant next asserts that he was deprived of a fair trial because he was denied counsel at the preliminary examination in the municipal court. The record reveals that appellant was informed of his right to have counsel prior to the preliminary hearing, but that he stated he desired to represent himself. Thereupon, appellant cross-examined both of the People's witnesses and was given an opportunity to present evidence on his own behalf. The court then found that there was sufficient cause to believe both defendants guilty of attempted escape and held them to answer. At this stage in the proceedings, appellant requested counsel and was informed by the court that he should make this request to the superior court at the time of his arraignment. Appellant then stated that he did not want legal information or assistance from an attorney but merely wanted to send a telegram to his attorney in Los Angeles. Appellant was represented by court-appointed counsel at his arraignment in the superior court, and throughout the trial.

The facts thus reviewed show that appellant voluntarily chose not to be represented by counsel at the preliminary examination, but that court-appointed counsel was made available to him at all subsequent stages in the proceedings. Appellant has failed to show any error or prejudice resulting from the absence of counsel at the preliminary hearing. (See *People* v. *Hightower* (1961) 189 Cal.App.2d 309, 312 [11 Cal.Rptr. 198].)

Appellant next contends that he was prejudiced by defense counsel's failure to introduce into evidence a document which would have substantiated his testimony but which would have discredited the testimony of codefendant Disbrow. Appellant asserts that this error resulted from a conflict of interest between the two defendants which prevented defense counsel from providing both men with adequate representation. Here again, there is no evidence whatever that appellant was prejudiced by the act complained of.

The document in question was a prison record known as a "chronological evaluation" of appellant. Defense counsel, in examining the prison records officer, Mr. Stone, inquired whether this document indicated that appellant had requested a transfer to another institution prior to his attempted escape.

Mr. Stone replied that the record showed a request for transfer to Tracy and a denial by the classification committee. Upon further questioning, Mr. Stone stated that his records did not indicate any transfer request by defendant Disbrow. Defense counsel then stated that there was no need to have the prison records introduced in evidence and that he would stand on the oral testimony. Appellant's entire chronological evaluation was subsequently read into evidence at the request of the prosecution.

Under such circumstances, appellant was not prejudiced because the actual document itself was not offered as an exhibit. Our examination of the record convinces us that appellant's theory that defense counsel was motivated by a desire to protect defendant Disbrow at appellant's expense is utterly inconsistent with the facts. (*People* v. *Wren* (1956) 140 Cal.App.2d 368, 370 [295 P.2d 54].)

Appellant next objects to the giving of an instruction that the presumption that a witness speaks the truth may be overcome "by contradictory evidence, by the manner of the witness on the stand, the degree of intelligence exhibited by him, the manner in which he testifies, by the character of his testimony, by evidence showing his motives or an interest in the outcome of the case, or bias or prejudice against one of the parties; by evidence that on some former occasion he made a statement or statements inconsistent with his present testimony; or by proof that he has been convicted of a felony." It is appellant's position that the reference to the degree of intelligence exhibited by a witness was extremely prejudicial to the defense, "no matter how taken," because defendant Disbrow is mentally deficient, and "your appellant is exceedingly bright. . . ." Appellant also objects to the reference to proof of a felony conviction because he and his codefendant were both convicted felons and the only witnesses on behalf of the defense. Neither point is of any merit.

There can be no doubt that the intelligence or mental condition of a particular witness, at least to the extent that it affects his powers of perception, memory or narration, may properly be considered by the jury. (See *People* v. *Bell* (1955) 138 Cal.App.2d 7, 12 [291 P.2d 150]; *People* v. *Dye* (1947) 81 Cal.App.2d 952, 963 [185 P.2d 624]; CALJIC 52 (revised).) It is also well established that the testimony of a witness may be impeached by proof that he has suffered a prior felony conviction. (Code Civ. Proc., § 2051.)

"This rule applies to a defendant who testifies in his own behalf in a criminal trial despite the fact that such evidence may tend to prejudice him in the eyes of the jury." (*People* v. *Williams* (1945) 27 Cal.2d 220, 228 [163 P.2d 692].)

■ Appellant's final contention is that the prosecutor was guilty of prejudicial misconduct during the course of the trial because on two separate occasions he referred to the incident in the prison recreation yard as an "escape."[2] The first reference complained of occurred when the prosecutor was cross-examining appellant and asked the following question: "Now, then, at the time of this escape on May 25th —excuse me—at the time of this incident on May 25th you didn't actually know that Disbrow was going to go with you, did you?" Again, at a later state in the cross-examination, the following exchange occurred: "Q. Now, this phrase 'hit the fence,' in the prison vernacular this means escape, does it not? A. Yes, it does. Q. That's what you did, hit the fence, isn't that right? A. Yes, I did hit the fence." It is appellant's position that the prosecutor's "improper comments" deprived him of a fair trial. This contention merits little discussion since the prosecutor's remarks were clearly neither improper nor in the least prejudicial to appellant.

The first reference to the word "escape" was obviously a mere slip of the tongue which the prosecutor immediately corrected. No objection was registered by appellant's counsel. In any event, the jurors were already thoroughly familiar with the term "escape" in connection with the May 25 incident. Prosecution witnesses had already testified to conversations with appellant during which he had been asked why he wanted to escape, and how long he had been planning the escape with Disbrow. Under such circumstances, it cannot be doubted that the prosecutor's inadvertent use of the term resulted in no real detriment to appellant.

The second incident complained of constituted no more than entirely proper cross-examination of appellant in regard to a phrase which he himself had used in response to questions by his own counsel. The prosecutor, on cross-examination, was certainly entitled to seek clarification of a prison phrase utilized by appellant in describing his own actions. Appellant

---

[2]It may be noted that appellant also makes reference to additional misconduct occurring during the prosecutor's closing argument to the jury. Since the record on appeal does not include the arguments to the jury and appellant's request to augment the record was denied, this issue is not before the court.

cannot now complain because he himself replied that to "hit the fence" was to escape and that this was what he had done on the afternoon of May 25.

The judgment and order denying the motion for a new trial are affirmed.

Kaufman, P. J., and Agee, J., concurred.

A petition for a rehearing was denied November 13, 1962, and appellant's petition for a hearing by the Supreme Court was denied December 5, 1962. White, J.,* participated therein. Peters, J., was of the opinion that the petition should be granted.

*Retired Justice of the Supreme Court sitting pro tempore under assignment by the Chairman of the Judicial Council.