[Crim. No. 12489.   Second Dist., Div. One.   Apr. 12, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. LEWIS D. FRITZ, Defendant and Appellant.

George E. Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward A. Hinz, Jr., and Michael C. Gessford, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of attempted escape from jail (Pen. Code, §§ 664 and 4532 subd. (b).)

In an information filed in Los Angeles County on July 2, 1965, defendant was charged with violation of sections 664 and 4532, subdivision (b), of the Penal Code, in that he did on June 6, 1965, attempt to escape from the Los Angeles County main central jail while confined therein as a prisoner of the sheriff, having been charged with a felony. It was further charged that defendant previously had been convicted of grand theft and of issuing checks without sufficient funds, felonies, in September 1953, and had served a term of imprisonment therefor in the state prison; that, also, at about the time last mentioned, he had been convicted of kidnaping and had served a term in prison therefor, and that in January 1965, he had been convicted of the crime of robbery and the

judgment therein was that he serve a term therefor in the state prison. Defendant pleaded not guilty and admitted the first two charged prior convictions. The third charged prior conviction was stricken. Defendant represented himself at the trial before a jury and was found guilty as charged. He was sentenced to the state prison, the sentence to run concurrently with another sentence which he was then serving.

On June 6, 1965, defendant was incarcerated in the Los Angeles County main jail. At about 4:15 p.m. of that date Deputy Sheriff Chaney with Sergeant Jackson made a contraband check of module 3800 on the third floor of the jail and noticed, among other things, that a jail window in that module was broken. A closer examination revealed that "the crossbars behind the glass had been cut through at the top and either side, and nearly cut through on the bottom of the crosspiece." Pursuant to a plan agreed upon, Sergeant Jackson proceeded to a day room where he was to await for a prearranged signal from Officer Cook, who was sitting in a parked automobile across the street from the jail where he could observe the outside area of module 3800. At about 8:30 p.m. Officer Cook saw some movement on a walkway near the window in question. He saw a pair of legs, clothed in jail garb, protrude from the window to about the knees. Cook gave the prearranged signal to the officers within the jail. Immediately Officers Young and Chaney went to module 3800 and were joined by Officer Sylvester. The officers saw defendant and another prisoner drop a rope-like object (ten mattress covers tied together) and jump to a lower level. The would-be escapees were ordered to stop and to climb back to the upper level which they did. Hacksaw blades were found near the cutout window and, further, it was ascertained that a crossbar section of the window had been removed. Defendant was searched and made to undress. He was photographed. Several marks and fresh abrasians appeared upon the body of defendant which, according to the doctor at the jail, could have been caused by rubbing or scuffing against a hard surface or object.

Section 4532, subdivision (b), of the Penal Code makes escape from lawful custody a crime and includes an attempted escape. The crime of escape has as its elements: (1) that the accused had been either arrested or booked for, or charged with, or convicted of, a misdemeanor or felony; (2) that he had been either confined in jail, or placed in the lawful custody of an officer; and (3) that under conditions (1) and (2) he escaped or attempted to escape from said jail or custody.

(*People* v. *Francisco*, 228 Cal.App.2d 355, 358 [39 Cal.Rptr. 503].) ▮ Defendant here was clearly in lawful custody and had been charged with or convicted of robbery. The jury was entitled to believe from the evidence, including the marks on defendant's body, that he had attempted to squeeze through the jail window for the purpose of escape.

In appellant's brief in this court no point is raised or made for a reversal of the judgment. A reading of the entire record indicates that no legitimate contention can be made for a reversal.

Appellant, who represented himself at the trial, made certain contentions upon a motion for a new trial which were entirely without merit. We do not feel required to set forth and state such contentions in this opinion and to answer the same. Suffice it to say, there was no merit to any of the contentions.

Appointed counsel in this court has carefully gone through the entire record as is evidenced by his familiarity with the transcripts and the law which is involved, and has stated that "[t]here appears to be no reversible error in the records."

The appellant was fairly and properly tried. He was convicted upon evidence which was "well nigh overwhelming."

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.