[Crim. No. 8581. First Dist., Div. One. Apr. 14, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN WARD HAYES, Defendant and Appellant.

**COUNSEL**

Marilyn D. Norek, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Don Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, J.**—Defendant John Hayes was found guilty by a jury of escape from Correctional Training Facility at Soledad, a state prison, in

violation of Penal Code section 4530, subdivision (b). His appeal is from the judgment under which he was again sentenced to state prison.

■ The verdict is supported by substantial evidence. (See *People* v. *Mosher,* 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659].) On the witness stand Hayes admitted that he was "on the break." He testified that another convict, ostensibly driving a truck to the prison garbage dump, but actually planning an escape, said to him when the prison guard turned his back, "You want to come, let's get out of here." Hayes then testified, " I remember getting onto the truck, and took off." He and the truck driver were later apprehended in Sacramento, several hundred miles away. Before the trial he had admitted that his escape was prearranged with the truck driver.

■ Hayes' principal contention is that the crime of escape (Pen. Code, § 4530, subd. (b)) consists of something more than " 'the unlawful departure of a prisoner from the limits of his custody' " as defined in *People* v. *Quijada,* 53 Cal.App. 39, 41 [199 P. 854], and *People* v. *Jones,* 163 Cal.App.2d 118, 123 [329 P.2d 37]. He insists that it also requires the "specific intent" to escape. Since neither his attorney nor the trial court considered this defense, or the related defense of "diminished capacity," he urges error of the court and constitutional inadequacy of counsel.

Although not without some conflict it appears to be the law that a specific intent to escape is not an element of the crime of escape.

*People* v. *Haskins,* 177 Cal.App.2d 84, 88 [2 Cal.Rptr. 34], concerned Penal Code section 4532, as amended 1959, which stated, "the *willful* failure of a prisoner employed . . . pursuant to the Work Furlough Rehabilitation Law . . . to return to the place of confinement" is an escape. (The word "willful," emphasized by us, does not appear in section 4532, subdivision (b), here involved.) Answering an argument that the statute required a specific intent the court said: "From the use of the word 'willful' in this amendment he argues that the law now requires a specific intent and that we should not ascribe to the Legislature an intention to narrow the scope of the section in this respect by the amendment. This word does not have the effect of requiring a specific intent. Section 7, subdivision 1, Penal Code, provides: 'The word "wilfully," when applied to the intent with which an act is done or omitted, implies simply a *purpose or willingness to commit the act,* or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage.' (Italics ours.) [¶] The evidence shows without conflict that appellant failed for two days beyond the time when he was required to do so to return to the county jail. The general intent not to return was all that was required to constitute the crime. . . ."

*People* v. *Miller*, 196 Cal.App.2d 171, 175 [16 Cal.Rptr. 408], concerned an alleged escape under Penal Code section 4531 which stated: "Every prisoner committed to a State prison who escapes . . . from any . . . prison forestry camp . . . while under the custody of prison officials, officers or employees" thereby committed a felony. Rejecting an argument that a specific intent to escape was essential to the crime the court stated (pp. 175-176): "In *People* v. *Haskins,* 177 Cal.App.2d 84, 88-89 . . . , it was held that the crime of escape requires only a general criminal intent and the only requisite for its commission is that the defendant intentionally do the act which constitutes the crime. . . . There is absolutely no merit in this contention."

The statute with which we are here concerned, Penal Code section 4530, subdivision (b), was the subject of *People* v. *Goldman*, 245 Cal. App.2d 376 [53 Cal.Rptr. 810] (disapproved on other grounds, *In re Smiley,* 66 Cal.2d 606, 626, fn. 14 [58 Cal.Rptr. 579, 427 P.2d 179]). There, as here, the record conclusively established that the defendant committed the act which removed himself from the prison confines. The court stated (p. 383), "The crime of escape requires no specific mental state, . . ."

And summarizing cases on the subject this court in *People* v. *Richards,* 269 Cal.App.2d 768, 777, footnote 10 [75 Cal.Rptr. 597] (also concerning Pen. Code, § 4530, subd. (b)) said: "The crime of escape requires no specific mental state, only a general criminal intent. The only requisite for its commission is that the defendant do the act which constitutes the crime. . . ."

Contrary authority relied upon by Hayes is *People* v. *Temple,* 203 Cal. App.2d 654 [21 Cal.Rptr. 633], and *People* v. *Parker,* 122 Cal.App.2d 867, 873 [265 P.2d 933]. *People* v. *Temple* (pp. 658-659) commented: "The offense of escape was complete when defendant unlawfully departed from the limits of his custody with the intention of escaping from the prison premises. (*People* v. *Sharp,* 174 Cal.App.2d 520 . . . ; *People* v. *Jones,* 163 Cal.App.2d 118. . . .)" Neither of the cases relied upon in *People* v. *Temple* supports the court's conclusion of the need of proof of an "intent of escaping." In *People* v. *Parker* the court, summarizing the evidence, stated (p. 873), "It was a simple matter for him to escape without aid from any person. All he had to do was to walk unassisted beyond the boundary of his confinement with the intention to escape. . . ." No authority appears in support of the statement of the court.

We must conclude that under the weight of, and the more recent (see *Kenney* v. *Antioch L. O. School Dist.,* 18 Cal.App.2d 226, 231 [63 P.2d 1143]), authority of this state, that a "specific intent to escape" is

not a necessary element of the crime proscribed by Penal Code section 4530, subdivision (b). And the defense of "diminished capacity" is inapplicable where a specific intent or other mental state is not a necessary element of the offense charged. (See *People* v. *Conley,* 64 Cal.2d 310, 316 [49 Cal.Rptr. 815, 411 P.2d 911]; *People* v. *Richards, supra*, 269 Cal. App.2d 768, 777, fn. 10.)

■ No merit is seen in the contention that the services of Hayes' trial counsel were constitutionally inadequate because of his failure to assert the points which we shall now discuss seriatim.

1. The argument that because of earlier prison discipline for his escape he was placed in "double jeopardy" by the criminal proceedings, has been resolved against Hayes by *In re Gullatt,* 69 Cal.2d 395, 398 [71 Cal.Rptr. 676, 445 P.2d 292], *People* v. *Eggleston,* 255 Cal.App.2d 337, 339 [63 Cal.Rptr. 104], and *People* v. *Ford,* 175 Cal.App.2d 37, 39 [345 P.2d 354]. Any contention to the contrary by trial counsel at the trial would necessarily have been purposeless.

2. ■ No fault can be found with counsel in his failure to raise "a defense of insanity," since no substantial suggestion of insanity appears in the record.

3. ■ Counsel may not reasonably be criticized for failure to make pretrial motions under Penal Code sections 995 and 1538.5. He had the benefit of the transcribed proceedings of Hayes' preliminary examination; we have not. If the evidence there adduced was substantially similar to that of the trial, a motion under section 995 would have been pointless. And the trial record discloses no Fourth Amendment violations which could have been successfully urged in the superior court on section 1538.5 proceedings.

4. ■ Nor does the failure of counsel "to challenge the admissibility of the commitment and sentence date records" disclose inadequacy. A necessary part of the People's proof was evidence that Hayes was serving a sentence in a state prison at the time of the alleged escape; the questioned records supplied that proof. The records would clearly have been admissible under Evidence Code section 1271, even had the missing "challenge" been made.

5. ■ We are told counsel failed "to object to the admission of extrajudicial admissions and statements by appellant on the basis that the corpus delicti of the offense charged had not been established." Such an objection would have been idle; the "corpus delicti" of the escape was in fact established by independent evidence.

6. "Defense counsel failed to effectively present appellant's evidence."

The principal contention here concerns failure to establish lack of "specific intent" and "diminished capacity" which defenses, as we have pointed out, *ante,* were unavailable.

7. Hayes' insistence that his attorney did not properly point out the law to the jury and that his jury argument was not a good one and was unduly short is not reasonably supported by the record.

8. ▮ The jury were properly instructed on "credibility of witnesses" and "reasonable doubt" despite counsel's omission to request additional instructions on those subjects.

9. Counsel's failure "to poll the jury" indicates no inadequacy. The argument here is that such failure coupled with "the fact that the jury had not been instructed that their verdict must be unanimous" resulted in grievous prejudice. The premise is faulty; the jury were instructed, "Your verdict must express the individual opinion of each juror."

10. ▮ Counsel's failure to move for a new trial seems reasonable and proper, for the record discloses no valid grounds for the granting of such a motion.

We observe that the proof of Hayes' guilt was strong. His attorney performed with obvious professional competence; he is not reasonably to be faulted for lack of success in such a case.

▮ Next, errors by the trial court are charged in relation to several rulings on the admission of evidence and instructions to the jury.

It was proper to allow testimony concerning the accomplice truck driver's part in the escape. ▮ Where two or more persons, as here, are concerned in a crime under circumstances reasonably indicating an agreement or conspiracy to commit that crime, the acts of each in furtherance of the common criminal object are admissible. (See *People* v. *Ditson,* 57 Cal.2d 415, 447 [20 Cal.Rptr. 165, 369 P.2d 714]; *People* v. *Weiss,* 50 Cal.2d 535, 564-565 [327 P.2d 527].) It is not necessary that such a conspiracy be charged. (*People* v. *Lopez,* 60 Cal.2d 223, 250 [32 Cal.Rptr. 424, 384 P.2d 16].) Here the admissibility of the evidence did not even depend upon proof of such a conspiracy. ▮ Evidence of other crimes that are part of the res gestae is admissible if it tends to establish the crime charged. (18 Cal.Jur.2d (Rev.), Evidence, § 209, p. 688; and see authority there cited.) ▮ Here the convict truck driver was an accomplice to the escape of Hayes; his questioned conduct related to the circumstances of Hayes' escape and its proof reasonably tended to establish that offense.

▮

■ No prejudice to Hayes is seen in allowing evidence that the truck driver accomplice immediately before his, and Hayes' arrest, identified himself to the police with a prison identification card. It was conceded at the trial that the accomplice and Hayes were undergoing prison sentences. Error, if any, was harmless. (See art. VI, § 13, Cal. Const.)

■ Rejection of evidence tending to show a lack of motive to escape was proper since Hayes admitted facts which as a matter of law established an escape. As we have pointed out, lack of a specific intent to escape was not a valid defense.

Hayes' final contention concerns claimed "errors in the instructions."

Instructions on "specific intent" and "diminished capacity" for the reasons already pointed out, would have been improper. The jury were properly instructed with regard to the credibility of witnesses. The court was under no duty on its own motion to add thereto the now suggested "qualifying instructions." And the court properly instructed on "reasonable doubt" in accordance with the provisions of Penal Code section 1096. At least in the absence of further request no other instructions on the subject need have been given. (See Pen. Code, § 1096a.)

Contrary to Hayes' contention the jury were instructed that their verdict must be unanimous. As we have stated the jury were told, "Your verdict must express the individual opinion of each juror."

As indicated, the evidence of Hayes' guilt of the crime of escape was conclusive; error, if any, was without prejudice. The judgment must be affirmed.

Affirmed.

Molinari, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 23, 1971.