[Crim. No. 5497. Fourth Dist., Div. One. May 24, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
ARMANDO MEJIAS GALLEGOS, Defendant and Appellant.

**COUNSEL**

Kenyon C. Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Alan S. Meth and Joseph M. Cavanagh, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WHELAN, J.**—Armando Mejias Gallegos, defendant, has appealed from a judgment committing him to prison after a jury found him guilty of at-

tempted escape in violation of Penal Code section 4532, subdivision (b), and that he had used force and violence in the attempt.

Because of the omission of certain required instructions, the judgment must be reversed.

The evidence was sufficient to support a finding defendant attempted to escape from the Imperial County jail while confined there on a felony charge.

His testimony was that he had no desire to escape, but had left his cell when a jailer had been pushed into the cell by other prisoners, and defendant feared to be found in a cell with an injured officer; he went to the bottom floor of the jail where the kitchen was because he was hungry.

██ The following instruction was requested by defendant: "An attempt to commit a crime consists of two elements, namely, a specific intent to commit the crime, and a direct but ineffectual act done toward its commission.

"In determining whether or not such an act was done, it is necessary to distinguish between mere preparation, on the one hand, and the actual commencement of the doing of the criminal deed, on the other. Mere preparation, which may consist of planning the offense or of devising, obtaining or arranging the means for its commission, is not sufficient to constitute an attempt; but acts of a person who intends to commit a crime will constitute an attempt where they themselves clearly indicate a certain, unambiguous intent to commit that specific crime, and, in themselves, are an immediate step in the present execution of the criminal design, the progress of which would be completed unless interrupted by some circumstance not intended in the original design."

While refusing that instruction, the court instructed that: "To constitute criminal intent it is not necessary that there should exist an intent to violate the law. Where a person intentionally does that which the law declares to be a crime, he is acting with criminal intent, even though he may not know that his act or conduct is unlawful."

██ An attempt is a specific intent to commit a substantive crime, plus a direct, unequivocal act toward that end (*People* v. *Camodeca*, 52 Cal.2d 142, 145 [338 P.2d 903]).

██ An escape is an unlawful departure from the limits of an inmate's custody (*People* v. *Sharp*, 174 Cal.App.2d 520, 524 [344 P.2d 796]; *People* v. *Herrera*, 255 Cal.App.2d 469, 472 [63 Cal.Rptr. 96]).

■ Although an attempt to escape is made punishable under Penal Code section 4532 and not under Penal Code section 664 (*People* v. *Siegel,* 198 Cal.App.2d 676 [18 Cal.Rptr. 268]; *People* v. *Diaz,* 208 Cal.App.2d 41, 51 [24 Cal.Rptr. 887]), the general section which prescribes punishment for an attempt to commit a crime where no provision for punishment is otherwise made, the essential elements of an attempt to commit a crime, so as to make the attempt itself punishable, are present in an attempt to escape as well as in those attempts made punishable under Penal Code section 664.

■ The argument is unsound that because the punishment for attempted escape is specifically provided for in section 4532, the crime is moved out of the class of attempts of which a specific intent is an element, to the status of a substantive crime that requires only a general intent to commit the act: that act being an attempt to escape. The argument, in opening the possibility that there is such a crime as an attempt to attempt to escape, leads onto a logical merry-go-round.

It is argued that an attempt to escape in relation to the requirement of a specific intent is analogous to an assault, considered as an attempted battery. There are certain distinctions. Although it is deemed to be an attempted battery, an assault has a statutory definition in different terms: it is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another (Pen. Code, § 240). It is said not to call for a specific intent because all that is required is the doing of an act intentionally whose direct, natural and probable consequence, if successfully completed, would be the infliction of violent injury upon another (*People* v. *Rocha,* 3 Cal.3d 893, 899 [92 Cal.Rptr. 172, 479 P.2d 372]).

In consequence, the only intent required for an assault is the intent to attempt to commit a battery (*People* v. *Rocha, supra,* 3 Cal.3d 893, 899). However, a battery must be contemplated (*People* v. *Rocha, supra,* 3 Cal. 3d 893, 899, fn. 12).

It does not follow that the only intent required for commission of the crime of attempted escape is the intent to attempt to commit an escape. It is not possible to attempt to escape without intending to escape.

The introduction into the concept of attempt to escape of a requirement of intentionally doing an act, the direct, natural and probable consequence of which, if successfully completed, would be an escape, too narrowly limits the application of the statute. Such an act could be to pass part way through a door, window or other opening to the outside of the place of confinement before falling back, being pulled back or disabled.

In *People* v. *Fritz,* 250 Cal.App.2d 55, 57 [58 Cal.Rptr. 156], the court noted that the jury was entitled to believe the defendant had "attempted to squeeze through the jail window *for the purpose of escape.*" (Italics added.)

The Legislature has not proscribed the doing of any single defined act as an attempt to escape. Many acts, including some non-criminal in themselves, might be conducive toward carrying out an intention to escape, and the scope of the statute proscribing such an attempt should not be limited to specifically designated acts.

Whether an instruction in the exact language of the requested instruction must have been given, it was error not to instruct that the crime of attempt to escape required a specific intent on the part of Gallegos to escape from the jail, plus a direct, unequivocal act to effect that purpose.[1]

The case of *United States* v. *Woodring,* 464 F.2d 1248, cited by the People, is not at variance with our holding. There the defendant was convicted of a completed escape. The court said specific intent was not an element of section 751, subdivision (a) of 18 United States Code Annotated which penalizes both escape and attempted escape.

In a case involving only conviction of an attempt under the same statute, the court said: "The accused's enterprise substantially aborted. Gauged by ordinary standards of success, it failed of its purpose. The issue was submitted to the jury in an instruction stating that 'an attempt is an act tending toward the accomplishment, and done in part execution of the design to commit a crime, exceeding an intent but falling short of an execution of it.'" (*Giles* v. *United States,* 157 F.2d 588, 590.)

Lack of a specific intent to escape is not a valid defense where a completed escape has occurred. (*People* v. *Hayes,* 16 Cal.App.3d 662, 670 [94 Cal.Rptr. 222].)

If the crime of escape is completed, it is of no significance that the defendant denies an intent to escape (*People* v. *Hayes, supra,* 16 Cal.App.3d

---

[1]In *People* v. *Gibbs,* 12 Cal.App.3d 526 [90 Cal.Rptr. 866], while it does not appear from the published decision, it appears from the record on appeal that the following instruction was given: "In the crime of attempted escape, there must exist in the mind of the perpetrator the specific intent to escape, and unless such intent so exists that crime is not committed."

There was given also the instruction requested and refused in the case at bench. The defendants in *Gibbs* were convicted of attempted escape.

662, 668, 670), so that it is proper to reject evidence showing a lack of motive or intent (*People* v. *Hayes, supra,* 16 Cal.App.3d 662, 668, 670).[2]

■ The court in the trial of the case at bench properly permitted testimony that defendant did not intend to escape from the jail. Similar testimony has been presented in other trials for attempted escape (*People* v. *Stabler,* 202 Cal.App.2d 866 [21 Cal.Rptr. 122]; *People* v. *Lynn,* 16 Cal.App.3d 259, 265 [94 Cal.Rptr. 16]; *People* v. *Bagley,* 208 Cal.App. 2d 482, 485 [25 Cal.Rptr. 340] [prosecuted under Pen. Code, § 4530]).

■ There are no specific acts that constitute an attempt to escape if divorced from a specific intent to do so. Consequently, proof of the essence of the crime, apart from possible declarations, admissions or confessions of a defendant, must depend upon inferences that observable conduct was motivated by an intent to escape.

It is only to that class of evidence that the instruction given on circumstantial evidence could have applied. Having given that instruction[3] in a case wholly dependent upon circumstantial evidence, the court should have instructed further, *sua sponte,* that such evidence must not only be consistent with guilt, but irreconcilable with any other rational conclusion, which is to say no more than that specific intent to escape, provable only by reasonable inference, must be shown to exist beyond a reasonable doubt.

■ There is only one crime of escape defined by Penal Code section 4532; if it is done by force and violence it is punishable more severely than if not done with force and violence. (See fn. 9 to *People* v. *Lynn, supra,* 16 Cal.App.3d at p. 269.) The issue should be presented to the jury as calling first for a finding whether there was an escape, and then a finding whether it was done by force and violence. If there were an af-

---

[2]There are nonspecific-intent crimes other than escape, an attempt to commit which is a crime, e.g., incest. (See *People* v. *Austin,* 260 Cal.App.2d 658 [67 Cal. Rptr. 391].)

[3]The instruction given was this: "The testimony of a witness, a writing, a material object, or anything presented to the senses offered to prove the existence or nonexistence of a fact is either direct or circumstantial evidence.

"Direct evidence means evidence that directly proves a fact, without an inference, and which in itself, if true, conclusively establishes that fact.

"Circumstantial evidence means evidence that proves a fact from which an inference of the existence of another fact may be drawn.

"An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts established by the evidence.

"It is not necessary that facts be proved by direct evidence. They may be proved also by circumstantial evidence or by a combination of direct evidence and circumstantial evidence. Both direct evidence and circumstantial evidence are acceptable as a means of proof. Neither is entitled to any greater weight than the other."

firmative finding as to escape, and a negative finding, or a failure to agree, that it was accomplished by force and violence, then the less severely punishable crime would have been committed.

It was error, therefore, not to inform the jury they might find the defendant guilty of attempted escape, even though not convinced beyond a reasonable doubt that the attempt to escape was made by force and violence.

We cannot say the refusal of the trial court to instruct that the jury must find the existence of a specific intent to escape was not reversible error. We might be convinced of the existence of that intent; we cannot say as a matter of law it existed; the question was for the trier of fact.

The judgment is reversed.

Brown (Gerald), P. J., and Cologne, J., concurred.