Filed 1/13/16  P. v. Wilson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C078820 |
| Plaintiff and Respondent, | (Super. Ct. No. 12CR19572) |
| v. | |
| CHARLES M. WILSON, | |
| Defendant and Appellant. | |

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (hereafter Proposition 47), which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).)  Proposition 47 created a resentencing provision, codified at Penal Code section 1170.18, which provides that a person currently serving a

1

sentence for certain designated felonies may petition for recall of the sentence to reduce the felonies to misdemeanors. Defendant Charles M. Wilson appeals from an order denying his petition to reduce his commitment conviction from a felony to a misdemeanor.

Defendant's petition was denied upon a determination that he was not eligible for relief because the commitment offense was for violation of Penal Code sections 664 and 4573.6, attempted possession of a controlled substance in prison, which is not one of the eligible offenses listed in Penal Code section 1170.18.[1]

Counsel was appointed to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court to review the record and determine whether there were any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant timely filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought pursuant to Proposition 47 remains an open question. Our Supreme Court has not spoken. The *Anders*/*Wende* procedures address appointed counsel's representation of an indigent criminal defendant in the first appeal as a matter of right, and courts have been loath to expand their application to other proceedings or appeals. (See *Pennsylvania v. Finley* (1987) 481 U.S. 551 [95 L.Ed.2d 539; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529; *In re Sade C.* (1996) 13 Cal.4th 952; *People v. Kisling* (2015) 239 Cal.App.4th 288; *People v. Serrano* (2012)

---

[1] Penal Code section 664 delineates the punishment for attempting to commit a crime. Eligibility under Proposition 47 is determined by reference to the crime attempted, here violation of Penal Code section 4573.6.

211 Cal.App.4th 496; *People v. Dobson* (2008) 161 Cal.App.4th 1422; *People v. Taylor* (2008) 160 Cal.App.4th 304; *People v. Thurman* (2007) 157 Cal.App.4th 36; *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570.) Nonetheless, in the absence of Supreme Court authority to the contrary, we believe it prudent to adhere to *Wende* in the present case, where counsel has already undertaken to comply with *Wende* requirements and defendant has filed a supplemental brief.

In his supplemental brief, defendant claims trial counsel did not provide adequate assistance of counsel in that counsel failed to argue that attempted possession of a controlled substance in prison was eligible for relief under Proposition 47. However, "[c]ounsel's failure to make a futile or unmeritorious motion or request is not ineffective assistance. [Citation.]." (*People v. Szadziewicz* (2008) 161 Cal.App.4th 823, 836 (*Szadziewicz*).)

Proposition 47 "changed portions of the Penal Code and Health and Safety Code to reduce various drug possession and theft-related offenses from felonies (or wobblers) to misdemeanors, unless the offenses were committed by certain ineligible offenders. [Citation.] [Fn. omitted.]" (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1222.) The crimes to be so reduced were identified as "Grand Theft," "Shoplifting," "Receiving Stolen Property," "Writing Bad Checks," "Check Forgery," and "Drug Possession." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by the Legis. Analyst, pp. 35-36.) As previously noted, in addition to reclassifying specified offenses, "Proposition 47 . . . created a new resentencing provision: [Penal Code] section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).)" (*Rivera*, *supra*, 233 Cal.App.4th at p. 1092.)

". . . Proposition 47 (1) added chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Contreras* (2015) 237 Cal.App.4th 868, 890, citing Voter Information Guide, *supra*, text of Prop. 47, §§ 4-14, pp. 70-74.) Penal Code section 4573.6 was not added or amended by Proposition 47 and is not among the offenses expressly listed in Penal Code section 1170.18 as eligible for resentencing from a felony to a misdemeanor.

Nor can Penal Code section 4573.6 be deemed eligible as a lesser included of the offenses specified as eligible by Penal Code 1170.18, as the act of possession of a controlled substance *in a penal institution* is an element of the commitment offense (CALJIC No. 2110) but is not an element of any of the drug possession and theft-related offenses listed in section 1170.18. (See *People v. Clark* (1990) 50 Cal.3d 583, 636 ["An offense is necessarily included in another if . . . the greater statutory offense cannot be committed without committing the lesser because all of the elements of the lesser offense are included in the elements of the greater . . . ."].)

Nor can any viable argument be made that the equal protection clauses of the United States and California Constitutions are violated by Penal Code section 1170.18's provision for reduction in punishment for violation of Health and Safety Code section 11350, possession of a controlled substance, but not for violation of Penal Code section 4573.6, possession of a controlled substance in state prison. " 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.]" (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.) Generally, " ' "[p]ersons convicted of *different* crimes are not similarly situated for equal protection purposes." [Citations.] "[I]t is one thing to hold . . . that persons convicted of the *same crime* cannot be treated differently. It is quite another to hold that persons

4

convicted of *different crimes* must be treated equally." [Citation.]' [Citation.]"
(*People v. Barrera* (1993) 14 Cal.App.4th 1555, 1565.) We recognize that this is not an
"absolute rule" and that a state cannot "arbitrarily discriminate between similarly situated
persons simply by classifying their conduct under different criminal statutes. [Citation.]"
(*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1199, overruled on other grounds in
*Johnson v. Department of Justice* (2015) 60 Cal.4th 871.) The "inquiry is not whether
persons are similarly situated for all purposes, but 'whether they are similarly situated for
purposes of the law challenged.' [Citation.]" (*Cooley, supra*, 29 Cal.4th at p. 253.)
Here, the two statutes promote two different purposes. Health and Safety Code
section 11350 (former Health and Safety Code section 11500) "is designed to protect the
health and safety of all persons within its borders by regulating the traffic in narcotic
drugs" (*People v. Clark* (1966) 241 Cal.App.2d 775, 780); section 4573.6, on the other
hand, serves the " 'necessary' " purposes of " 'prison administration' " (*Clark*, at p. 779).
Since the two statutes serve different purposes, defendant is not "similarly situated" to
one convicted of violation of section 11350, and there is no violation of the equal
protection clauses.

Since no reasonable argument can be proffered that conviction for violation of
Penal Code section 4573.6 should be included in the offenses eligible for relief under
Proposition 47, counsel cannot be faulted for failing to make any such futile effort. (See
*Szadziewicz, supra*, 161 Cal.App.4th at p. 836.)

Defendant makes a passing reference to having been subjected to prison
administrative discipline for the same possession of a controlled substance. Insofar as
defendant may seek to claim that he has been subjected to some form of double jeopardy,
courts have uniformly held that the bars against double jeopardy do not preclude criminal
prosecution for conduct also the subject of prison discipline. (See, e.g., *In re Davis*
(1979) 25 Cal.3d 384, 394; *People v. Hayes* (1971) 16 Cal.App.3d 662, 668; *U.S. v.
Brown* (9th Cir. 1995) 59 F.3d 102, 103.)

Having undertaken an examination of the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment (order) is affirmed.


                                                    RAYE                    , P. J.


We concur:


        NICHOLSON        , J.


        RENNER          , J.