Filed 11/28/16

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C079143 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 12F3775, 12F4776, 13F0299, 13F0555, 13F4134, 14F0854, 14F2329) |
| v. | |
| JAMES DAVID ALLEN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Shasta County, James Ruggiero, Judge. (Retired judge of the Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Paton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant James David Allen guilty of escape for leaving his mother's house, which was his assigned place of confinement under an alternative custody agreement. In challenging his escape conviction, defendant contends there was no substantial evidence that his failure to return to his mother's house was willful. Defendant's contention lacks merit. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

As part of a previous felony conviction, defendant agreed to comply with a GPS monitoring inmate agreement. Defendant's assigned place of confinement was his mother's house. To comply with his curfew under the agreement, defendant had to be at his mother's house between 8:00 p.m. and 6:00 a.m. The Shasta County Sheriff's Department monitored him through an ankle monitor with a global positioning system that he had the responsibility to wear and recharge every day. Defendant was advised that if he had any problems returning to his place of confinement, he should notify alternative custody staff by phone or in person as soon as possible.

Defendant was last at his place of confinement on April 6, 2014 at 2:36 a.m. At some point before that, defendant got into an argument with his mother. They argued over defendant not cleaning after himself, leaving dishes in the sink, and leaving paperwork lying around. Defendant's mother told him that if he did not like her rules, he should leave. In response, defendant left. Defendant's mother locked him out after he left. He never returned to the property or contacted alternative custody staff about his situation. He was later arrested for borrowing a car and failing to return it.

The jury found defendant guilty of escape. Defendant timely appealed.

DISCUSSION

Defendant challenges the sufficiency of evidence to support his escape conviction. Specifically, defendant contends the evidence of his absence from his place of confinement was insufficient to show that he willfully failed to return to his home confinement. We disagree and affirm.

2

The standards for evaluating the sufficiency of the evidence are well established: "To assess the evidence's sufficiency, we review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict -- i.e., evidence that is reasonable, credible, and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

Penal Code[1] section 4532, subdivision (b)(1), provides in pertinent part as follows: "Every prisoner . . . [who] is a participant in a home detention program pursuant to Section 1203.016 . . . who escapes . . . from the place of confinement in a home detention program pursuant to Section 1203.016, is guilty of a felony."

"An escape is an unlawful departure from the limits of an inmate's custody." (*People v. Gallegos* (1974) 39 Cal.App.3d 512, 515.) "[S]pecific intent to escape is not required." (*Yost v. Superior Court* (1975) 52 Cal.App.3d 289, 293.) Subdivision (e) of section 4532 also provides that "[t]he willful failure of a prisoner . . . to return to his or her place of confinement no later than the expiration of the period that he or she was authorized to be away from that place of confinement, is an escape from that place of confinement."

Under the limits of defendant's custody agreement, he was required to be at his mother's house between 8:00 p.m. and 6:00 a.m. Thus, a reasonable jury could have

---

[1]     All further section references are to the Penal Code.

found that when defendant voluntarily left his mother's house at 2:36 a.m., he unlawfully departed from the limits of his lawful custody and thereby committed an escape.

Defendant's contention that he did not commit an escape because he did not willfully fail to return to his place of confinement is a red herring. His failure to return after he unlawfully left is simply irrelevant; the escape was complete when he walked out of his mother's house. Furthermore, defendant's claim that he did not willfully fail to return to his mother's house because she "insisted that he leave" and thereby "evicted" him from his place of confinement is based on a flagrant mischaracterization of the record. Defendant's mother testified that she gave him the option to stay if he complied with her rules. Defendant chose to leave rather than clean up after himself. Under these circumstances, the jury was entitled to find that his voluntary departure constituted an escape from his home confinement under the basic meaning of the term "escape," regardless of the fact that his mother locked the door after he left.

For the foregoing reasons, there is no merit to defendant's challenge to his escape conviction.

## DISPOSITION

The judgment is affirmed.

/s/
Robie, J.

We concur:

/s/
Nicholson, Acting P. J.

/s/
Duarte, J.

4