Filed 5/31/19; Certified for Publication 6/24/19 (order attached)

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D073830 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. JCF37978 & JCF000118 ) |
| ANTHONY ROBERT KORWIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge. Affirmed.

David W. Beaudreau, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Alana Cohen Butler and Craig H. Russell, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

Anthony Robert Korwin exchanged sexually explicit messages over the course of nearly five months with a law enforcement agent who Korwin believed was a 13- or 14-year-old girl. Korwin was arrested when he arrived at a restaurant where he arranged to meet the girl. Police officers recovered from his vehicle cameras, condoms, and the phone he used for the communications, which contained an age-regressed photo of another agent sent to Korwin during the communications.

A jury convicted Korwin of attempting to commit a lewd act upon a child (Pen. Code,[1] § 288, subd. (c)(1); count 1); contacting a minor with knowledge and intent to commit a sexual offense (§ 288.3, subd. (a); count 2); and meeting with a minor for lewd purposes (§ 288.4, subd. (b); count 3).[2] The court sentenced Korwin to three years in prison based upon the middle term for count 3. The court stayed punishment for count 1 (one year) and count 2 (three years) pursuant to section 654.

Korwin challenges only his conviction for count 2, contending there was insufficient evidence to support his conviction under section 288.3, subdivision (a) because the agent was not actually a minor. He contends his erroneous belief he was communicating with a minor is not a substitute for the statutory requirements. We

---

[1]    Statutory references are to the Penal Code unless otherwise stated.

[2]    The jury acquitted Korwin of one count of possession of child pornography (§ 311.11, subd. (a); count 4).

2

disagree with his interpretation of the statute concluding it is contrary to both the plain meaning of the statute and its purpose. We, therefore, affirm the judgment.

II

BACKGROUND

Korwin posted an advertisement on the casual encounters section of an online classified Website looking for a younger female between the ages of 18 and 28, possibly with a "daddy complex." The advertisement wanted individuals to respond to the message with a title line "young and willing" and stating an age.

An agent working in the child exploitation unit on an Internet task force responded to the advertisement with an e-mail titled "Young and Willing 13." The body of the message said, "Probably too young, but you sound sweet. Thought I'd say hi anyways." Korwin responded saying she was too young, but they could chat. Korwin continued to communicate for four and a half to five months with the agent who was using the persona of a 13- or 14-year-old girl.[3] The messages were primarily sexual.

When the girl asked what a "daddy complex" was, Korwin responded saying, "some girls like to imagine they are having sex with their daddy, and some dad's [*sic*] fantasize the same. It can extend to getting bare butt spankings and other things." Korwin said he had never been a woman's first lover and the purpose of his advertisement was to find a "legal-aged virgin," but he put in parenthesis that it was "harder to do these

_____

[3]    Because the agent communicated with Korwin under the assumed persona, we hereafter refer to the agent as "the girl."

things." He asked the girl about her sexual encounters with boys her age. Korwin said if she was 18 they could have "some legitimate fun."

Korwin asked questions about the girl's body including whether she had pubic hair, the size of her breasts, and about her menstrual cycles. As the conversations progressed, Korwin said he wanted to "mentor" the girl and gave specific instructions on how to masturbate and give oral sex.

Korwin sent a picture of himself and asked for a picture of the girl. The agent sent an age-regressed photo of another female agent.

Korwin said he was a high school teacher. He said he had some crushes on students over the years, but he did not act on them.

Eventually, Korwin suggested he could treat the girl to fast food and a soda if he was in the town where she said she lived. He suggested he could take some head shots of her to send to a modeling agency. He also said he wanted to take naked photos or suggestive photos at a park.

Korwin expressed a desire to meet, but also expressed concern about getting caught. He said they could meet without doing anything physical except maybe a foot massage and a hug. He again discussed taking suggestive photos in a park.

Korwin mentioned meeting before the end of the school year. He told the girl to pick out polish so they could paint each other's toenails. He said he would wear loose shorts when they met so the girl could touch his genitals with her feet. Korwin said he would bring a camera to take suggestive pictures.

4

When they finally arranged to meet at a fast food restaurant, Korwin gave specific instructions about what the girl should bring and wear. He also instructed her to bring an extra set of panties. He said she could change in the car on the way to the park where he would take photos. He said he would wear gym shorts and sandals.

Korwin was arrested when he arrived at the meeting spot. He was wearing loose gym shorts. Several cell phones and two cameras were located in a search of Korwin's vehicle along with male enhancement pills, condoms, and a camera bag containing women's underwear. One of the phones contained the age-regressed photo sent to Korwin.

III

DISCUSSION

Korwin's sole contention on appeal is that there was insufficient evidence for his conviction under section 288.3, subdivision (a), because he did not communicate with an actual minor. We reject this contention.

A

Where a defendant challenges the sufficiency of the evidence supporting a conviction, we " ' " 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " ' [Citation.] … 'Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence.' " (*People v. Brooks* (2017) 3 Cal.5th 1, 57.) We presume the existence of

5

every fact the trier of fact could reasonably deduce from the evidence in support of the judgment. (*People v. Clark* (2011) 52 Cal.4th 856, 943.)

We independently review issues regarding statutory interpretation. In doing so, we begin with the plain language of the statute, then look to the statute's purpose, legislative history, public policy, and statutory scheme to " ' " 'select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " ' " (*People v. Barba* (2012) 211 Cal.App.4th 214, 222.) The same principles of statutory construction are applied when interpreting a voter initiative. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276).

B

Section 288.3, subdivision (a) provides: "Every person who contacts or communicates with a minor, or attempts to contact or communicate with a minor, who knows or reasonably should know that the person is a minor, with intent to commit an offense specified in Section 207, 209, 261, 264.1, 273a, 286, 287, 288, 288.2, 289, 311.1, 311.2, 311.4 or 311.11, or former Section 288a, involving the minor shall be punished by imprisonment in the state prison for the term prescribed for an attempt to commit the intended offense."

"To establish a violation of this statute, a prosecutor must prove a defendant (1) directly or indirectly communicated with or attempted to communicate with a person, (2) with the intent to commit an enumerated offense involving the person, and (3) knew

6

or reasonably should have known the person was under the age of 18." (*San Nicolas v. Harris* (2016) 7 Cal.App.5th 41, 46; CALCRIM No. 1124.)

Korwin contends the statute's third element requiring that the defendant "knows or reasonably should know that the person is a minor" means the victim must be a minor and his erroneous belief the agent was a minor does not meet the statute's knowledge requirement. We disagree.

Section 288.3, subdivision (a) makes an attempt to communicate with a minor a completed crime. Additionally, the knowledge element makes the crime punishable if the defendant making the contact or attempting to make the contact either "knows *or reasonably should know* that the person is a minor." (Italics added.) As written, the knowledge requirement of the statute focuses on the knowledge and intent of the offender by ensuring the offense does not impose strict liability upon someone who does not know or has no reason to know the person with whom he or she is communicating or attempting to communicate is a minor. It does not actually require a minor victim.

*People v. Rojas* (1961) 55 Cal.2d 252, upon which Korwin relies, is distinguishable. There, the charged offense was for receiving " 'property which has been *stolen ..., knowing the same to be so stolen*.' " (*Id.* at p. 256 quoting § 496, subd. 1; italics added by *Rojas*.) The defendants contended the property they received was no longer "stolen" because it was previously recovered by the police. (*Rojas*, at p. 254.) Based upon the language of the statute before them, the *Rojas* court determined "the goods did not have the status of stolen property and therefore defendants, although *believing* them to be stolen, could not have had *actual knowledge* of that condition." (*Id.* at p. 257.)

7

However, the court determined the defendants were guilty of attempting to receive stolen property under the separate crime of attempt. (*Id*. at p. 258.) In reaching this conclusion, the court stated, " 'Intent is in the mind; it is not the external realities to which intention refers. The fact that defendant was mistaken regarding the external realities did not alter his intention, but simply made it impossible to effectuate it.' " (*Id*. at p. 257.) The receiving stolen property statute required actual knowledge of the actual condition of the property, whereas section 288.3, subdivision (a), incorporates attempt into the crime itself and allows conviction for knowledge less than actual knowledge, i.e., what the defendant "reasonably should know" about the age of the victim.

*People v. Shields* (2018) 23 Cal.App.5th 1242, cited by Korwin in his reply brief, is also inapposite because section 236.1, subdivision (c), involving human trafficking of a minor does not include any knowledge element. As the court explained, "[t]he statute requires that the other person must be a minor under the age of 18, but it does not require that the defendant specifically intend or even know that his victim is a minor." (*Id*. at p. 1250.) The court concluded the attempt prong of the human trafficking statute was distinct from the separate crime of attempt "because a completed violation of the statute requires a person under the age of 18 while an attempt to violate the statute does not." (*Id*. at p. 1257.) The *Shields* court explained if there was an actual minor victim, a mistake about the victim's age would not be a defense to the completed crime, even under an attempt prong of the statute, but if there was no actual minor victim and it would be factually impossible to complete the crime, a defendant could "nevertheless be guilty of

8

an attempt to human traffic a minor, but only if he or she actually intended to human traffic a minor."  (*Ibid.*)

Section 288.3 is distinguishable from the statutes in both *Rojas* and *Shields* because a defendant may be found guilty under section 288.3, subdivision (a) if he or she "attempts to contact or communicate with a minor" with the requisite mental state of having reason to know the individual is a minor.  This interpretation is consistent with cases holding the lack of an actual minor is not a defense to an attempt to commit a sex offense against a minor.  (See *Hatch v. Superior Court* (2000) 80 Cal.App.4th 170, 185–186 [defendant may be found guilty of attempt to commit violations of §§ 288, subd. (a), and 288.2, subd. (a), even though intended victims were not in fact under 14 years of age]; *People v. Reed* (1996) 53 Cal.App.4th 389, 396 [defendant guilty of attempted lewd conduct with regard to imaginary child victims created by police officer; " 'factual impossibility is not a defense to a charge of attempt' "].)

Korwin's suggestion that a separate charge of attempt under section 664 would be necessary for undercover operations where there is no minor victim is contrary to section 664, which allows for an attempt charge only when no other provision is made by law for such an attempt.  Additionally, requiring a separate attempt charge where the statutory language of section 288.3, subdivision (a) makes an attempt to communicate with a minor with the requisite intent a completed crime would lead to "a logical merry-go-round."  (*People v. Gallegos* (1974) 39 Cal.App.3d 512, 516.)

Our interpretation is consistent with the purpose of the statute.  Section 288.3 was adopted by voters in November 2006 as part of The Sexual Predator Punishment and

9

Control Act: Jessica's Law (Prop. 83, as approved by voters, Gen. Elec. (Nov. 7, 2006), § 6; hereafter Proposition 83).  "Proposition 83 was a wide-ranging initiative intended to 'help Californians better protect themselves, their children, and their communities' (*id.*, § 2, subd. (f)) from problems posed by sex offenders by 'strengthen[ing] and improv[ing] the laws that punish and control sexual offenders' (*id.*, § 31)."  (*In re E.J.* (2010) 47 Cal.4th 1258, 1263.)  "The common purpose of the provisions of Proposition 83 is to protect Californians from the threat posed by sex offenders."  (*People v. Keister* (2011) 198 Cal.App.4th 442, 451.)

The findings and declarations passed by voters along with Proposition 83 emphasize that California "places a high priority on maintaining public safety through a highly skilled and trained law enforcement as well as laws that deter and punish criminal behavior."  (Prop. 83, § 2, subd. (a).)  The findings and declarations observe the "universal use of the Internet has also ushered in an era of increased risk to our children by predators using this technology as a tool to lure children away from their homes and into dangerous situations.  Therefore, to reflect society's disapproval of this type of activity, adequate penalties must be enacted to ensure predators cannot escape prosecution."  (*Id.*, § 2, subd. (d).)  The argument provided to voters in favor of Proposition 83 stated its provisions, among other things, "Protect children from INTERNET PREDATORS by cracking down on people who use the Internet to sexually victimize children."  (Voter Information Pamp., Gen. Elec. (Nov. 7, 2006) argument in favor of Prop. 83, p. 46.)

10

Our interpretation advances the statutory purpose of supporting law enforcement officers who use undercover measures to identify, deter, and punish Internet predators who attempt to sexually victimize children before they reach minor victims. In contrast, Korwin's interpretation, which would prohibit conviction under section 288.3 unless an actual minor victim were involved, would undermine the statutory purpose. For this reason, the rule of lenity does not apply. (*People v. Cornett* (2012) 53 Cal.4th 1261, 1271 [rule of lenity " 'has no application where, "as here, a court 'can fairly discern a contrary legislative intent' " ' "].)

In this case, Korwin had ample reason to know he was communicating with a minor. The first message responding to his advertisement stated the girl was 13 years old. Although he initially agreed the girl was too young to respond to his advertisement, he continued to communicate with the girl regarding sexual topics for nearly five months. Korwin repeatedly acknowledged the girl with whom he was communicating was a minor under the age of 18. He asked about the size of her breasts at her age of 13. He commented, "I can't tell anyone that I have the hots for a 13-year[-]old."

He asked if at age 13 the girl was in eighth grade or a freshman. When the girl responded she was in eighth grade, Korwin said, "Wow, eighth grade. I don't have freshman built like you." Korwin said he wanted to meet the girl, but needed to be cautious because he did not want to lose everything and end up in jail saying, "13 will get you 20." Shortly before the arranged meeting, Korwin sent messages acknowledging the girl, after purportedly having a birthday, was still only 14 and saying he did not want to get arrested. However, shortly thereafter, Korwin said he wanted to take the girl's

11

virginity before her 15th birthday because he did not want someone else giving the girl the experience. Korwin arrived at the meeting place with cameras, condoms, and loose pants apparently prepared to follow-through with the lewd acts he described in detail in his messages with the girl.

Under the correct interpretation of the statute, there was substantial evidence to support Korwin's conviction under section 288.3, subdivision (a), for attempting to communicate with a minor for the purpose of committing an enumerated sexual offense, with reason to know the individual was a minor.

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


NARES, J.


O'ROURKE, J.

12

Filed 6/24/19

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY ROBERT KORWIN,<br><br>    Defendant and Appellant. | D073830<br><br><br>(Super. Ct. No. JCF37978 )<br><br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION |

THE COURT:

The opinion in this case filed May 31, 2019 was not certified for publication.  It appearing the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c), the request pursuant to rule 8.1120(a) for publication is GRANTED.

IT IS HEREBY CERTIFIED that the opinion meets the standards for publication specified in California Rules of Court, rule 8.1105(c); and

ORDERED that the words "Not to Be Published in the Official Reports" appearing on page one of said opinion be deleted and the opinion herein be published in the Official Reports.

McCONNELL, P. J.