Filed 8/14/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>    v.<br><br>ANTONIO CHAVEZ MOSES III,<br><br>  Defendant and Appellant. | G055621<br><br>(Super. Ct. No. 16NF1413)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Julian W. Bailey, Judge. Affirmed in part, reversed in part, and remanded.

Mark Alan Hart, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve T. Oetting, Deputy Attorney General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted Antonio Moses, III, of human trafficking of a minor (count 1, Pen. Code, § 236.1, subd. (c)(1) [hereafter, § 236.1(c)];[1] attempted pimping of a minor (count 2; §§ 664, subd. (a); 266h, subd. (b)(1)), and pandering (count 3, § 266i, subd. (a)). In bifurcated proceedings, the trial court found Moses previously suffered a strike conviction (§§ 667, subds. (b)-(e); 1170.12, subds. (b), (c)(1)), but dismissed four prior prison term allegations (§ 667.5, subd. (b)) for lack of evidence. The court then imposed the high term of 12 years on count 1, doubled to 24 years based on the prior strike, and stayed under section 654 the imposition of midterm sentences for counts 2 and 3.

The jury in count 1 convicted Moses based on language in section 236.1(c), which defines the crime of human trafficking to include the conduct of "a person who . . . attempts to cause, induce, or persuade, a person who is a minor at the time of commission of the offense" to engage in a commercial sex act. In enacting section 236.1, the electorate specified that a defendant's mistaken belief that the minor was of age is not a defense to attempted human trafficking. (§ 236.1, subd. (f).) In other words, the defendant need not harbor the specific intent to traffic a minor—thus distinguishing the attempted trafficking defined in section 236.1(c) from an ordinary criminal attempt under section 21a.

Moses contends that his conviction of human trafficking in count 1 must be reversed based on the undisputed fact that the intended victim of his conduct was not actually a minor, but rather an undercover police officer. We agree. The plain terms of section 236.1(c) include as a required element that the victim must be "a person who is a minor at the time of commission of the offense." As we explain, this requirement further distinguishes attempted human trafficking as defined by section 236.1(c) from an ordinary criminal attempt defined in section 21a. Because there was no evidence here of

---

[1] All statutory references are to the Penal Code.

2

any involvement of an actual minor victim as required by the human trafficking statute under which Moses was convicted, we reverse the judgment as to count 1 and remand the matter to the trial court for further proceedings, including resentencing on counts 2 and 3.

## FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are undisputed. Detective Luis Barragan of the Santa Ana Police Department created a user profile for a fictitious 21-year-old female named "Bella B." on a social network site known as Tagged.com. The site required its users to be 18 or older. The prosecutor introduced evidence at trial aimed at proving Moses contacted Bella and other Tagged.com users to recruit them to engage in prostitution. Assuming the role of Bella, Barragan responded to Moses's initial messages by stating she was in Vallejo "chasing the paper"—a phrase used in the pimping subculture to refer to working as a prostitute.

In a series of texts that day and the next, Moses advised Bella to frequent casinos and bars since they were lucrative prostitution venues. Barragan responded that Bella was unable to do so because she was only 17 years old. Moses expressed repeated concern over the next few days that Bella was a police agent, as well as some reluctance to pimp a minor.

Moses nevertheless engaged in phone calls and texts with a female detective who assumed Bella's role. Upon hearing Bella was in Orange County, he offered to drive to her location and pick her up, even though he acknowledged, "This is a risk." Moses also expressed some reluctance related to Bella's age when he wrote, "I want to come get you bad as a mother fucker, but if I do, I'm going to have to take you to my momma[']s house until your birthday." Several days later, when Barragan told Moses that Bella had returned to Orange County, he arranged to meet her at a restaurant, where the detective who was role-playing Bella said she would wait in a bathroom to evade her current pimp.

3

Moses arrived at the restaurant in a Mercedes to await Bella's exit from the bathroom but, before their meeting could occur, he apparently spotted vice officers from the Anaheim Police Department who were staking out the scene. He texted Bella, "I see you not real. That's fucked up." When he drove out of the parking lot, officers conducted a traffic stop a short distance away and arrested him.

At trial, the court modified the jury instructions in a manner that Moses argues diminished the importance of, and lowered the prosecution's burden of proof on an essential element of count 1, namely, the fact that the victim of human trafficking as defined in section 236.1(c) must be an actual minor.[2] The jury concluded Moses intended to traffic Bella and convicted him of that offense (count 1). He was also convicted of attempted pimping (count 2) and pandering (count 3). He now appeals.

## DISCUSSION

Moses contends his conviction on count 1 for human trafficking under section 236.1(c) must be reversed because a mandatory element of that offense is factually absent. Namely, the involvement of a minor victim. We agree.

The statute under which Moses was convicted provides, "A person who causes, induces, or persuades, or attempts to cause, induce, or persuade, a person *who is a minor at the time of the commission of the offense* to engage in a commercial sex act, with

---

[2] On appeal, Moses also asserts he preserved an argument that, by including language stating that mistake of age is not a defense in a case where the victim was an adult law enforcement decoy, a juror would assume the human trafficking offense defined in section 236.1(c) does not require a minor victim. As we explain, we need not reach the specifics of Moses's instructional claims where the evidence does not establish a required element of the offense.

4

the intent to effect or maintain a violation of Section 266, 266h, 266i, 266j, 267, 311.1, 311.2, 311.3, 311.4, 311.5, 311.6, or 518 is guilty of human trafficking."[3] (Italics added.)

Subdivisions (a) and (b) of section 236.1 define alternative types of human trafficking that do not require the victim to be a minor. Section 236.1, subdivision (a), defines human trafficking generally to consist of "depriv[ing] or violat[ing] the personal liberty of another with the intent to obtain forced labor or services." Subdivision (b) applies whenever the perpetrator "deprives or violates the personal liberty of" the victim with the intent to "effect or maintain" a violation of the same prostitution, pandering, and similar statutes as in subdivision (c). (See § 236.1, subd. (b).)

As explained in *People v. Shields* (2018) 23 Cal.App.5th 1242 (*Shields*),[4] the language in section 236.1(c), which requires a "person who is a minor at the time of the commission of the offense," constitutes an essential element of a subdivision (c) violation. As *Shields* said, quoting CALCRIM No. 1244, "the third element of human trafficking of a minor . . . requires that when the offense was committed 'the other person was under 18 years of age.'" (*Shields*, at pp. 1255-1256.)

We find the *Shields* analysis persuasive concerning the distinction between a traditional "attempt" crime and the discrete crime described in section 236.1(c). *Shields* recognized that the general proscription against "attempt" crimes that has long been codified in section 21a and punished in section 664 consists of only two elements. Those elements are: "'specific intent to commit the crime, and a direct but ineffectual act done toward its commission.'" (*Shields*, *supra*, 23 Cal.App.5th at p. 1250.) An attempt under

---

[3] The enumerated sections (§§ 266 through 518) refer to various sex crimes including prostitution, pimping, pandering, child pornography, child sexual exploitation, obscene live acts, and extortion.

[4] *Shields* was decided after the trial in this case, and after Moses filed his opening brief, but before the Attorney General filed its responsive brief.

section 21a does not require a minor victim because, unlike section 236.1(c), section 21a does not require that "a person who is a minor at the time" be the victim of the crime. As *Shields* observed, "the elements of an attempt to commit a crime are materially different from the elements of human trafficking of a minor under the attempt prong of section 236.1(c), which explicitly requires that the victim must be under the age of 18 when the crime is committed." (*Shields,* at p. 1257.)

An attempt under section 21a is nevertheless a punishable offense. As discussed in *Shields*, "'[a]n attempt to commit a crime is itself a crime and subject to punishment that bears some relation to the completed offense.'" (*Shields, supra*, 23 Cal.App.5th at p. 1250.) That punishment is usually half the prescribed term for the actual offense. (§ 664, subd. (a).) *Shields* explained "[t]he fact that a criminal defendant's intended victim is an imaginary person or a law enforcement officer posing as a minor does not mean th[e] defendant committed no crime . . . [b]ut the crime is an attempt" under section 21a. (*Shields,* at p. 1256.) As *Shields* explained, "This outcome is consistent with the broader principle that factual impossibility is not a defense to a charge of attempt" under section 21a. (*Shields,* at p. 1256.)

*Shields* recognized that subdivision (f) of section 236.1 eliminates a perpetrator's asserted mistake of fact about a minor's age as a defense to human trafficking charges.[5] Under subdivision (f), it is no defense that a defendant may have believed a victim was 18 or older and therefore did not actually intend to traffic a minor; even absent such intent, the conduct constitutes a violation of section 236.1(c). But, as *Shields* observed, while subdivision (f) eliminates a defense, it did not eliminate

---

[5]     Subdivision (f) provides: "Mistake of fact as to the age of a victim of human trafficking who is a minor at the time of the commission of the offense is not a defense to a criminal prosecution under this section." (§ 236.1, subd. (f).)

6

subdivision (c)'s specific requirement that the victim be "'a person who is a minor.'" (*Shields, supra*, 23 Cal.App.5th at p. 1250.)

This distinction marks a key difference between sections 21a and 236.1(c). "If there is an actual minor victim who[m] the statute [i.e., § 236.1(c)] is expressly designed to protect, a mistake about the victim's age is not a defense to the completed crime . . . . If, however, there is no actual victim and therefore it is factually impossible to complete the crime, the defendant can nevertheless be guilty of an attempt [under § 21a] to human traffic a minor, but only if he or she actually intended to . . . traffic a minor." (*Shields*, *supra*, 23 Cal.App.5th at p. 1257.)

The People contend *Shields* was wrongly decided. The Attorney General argues section 236.1(c) implicitly incorporates section 21a. Based on this incorporation, the Attorney General asserts section 236.1(c) does not require an actual minor to constitute the offense, contrary to the *Shields* case.

The Attorney General's incorporation analysis relies heavily on the presence of the word "attempts" in section 236.1(c). But as the Supreme Court has explained, "the meaning of 'attempt' can vary with the criminal context." (*People v. Colantuono* (1994) 7 Cal.4th 206, 216, abrogated by statute on another ground as stated in *People v. Conley* (2016) 63 Cal.4th 646, 660 fn. 4.) An attempt under section 21a does not require a victim. Instead such an attempt requires two inchoate elements: 1) criminal intent; and 2) an ineffectual act toward committing the crime. In contrast, the specific language of section 236.1(c) requires an additional element: the necessity that the victim be a minor. The "context" of the two statutes is therefore different because the language of each is different: section 236.1(c) includes an element that section 21a does not.

The Attorney General argues that by "bisect[ing]" or "compartmentalizing the 'attempt' language from the 'minor' requirement, rather than reading the two together as a single unit" in section 236.1(c), *Shields* required "an additional element (an actual minor) that is not required for an attempt" under section 21a. We agree. But contrary to

7

the Attorney General's argument, *Shields* did not add the "person who is a minor at the time of the commission of the offense" language to section 236.1(c). Nor did we. The electorate did that when it approved Proposition 35, the Californians Against Sexual Exploitation Act. (See *Shields*, *supra*, 23 Cal.App.5th at p. 1249.)

Additional reasons weigh against the Attorney General's incorporation claim. First, we do not find a historical basis for holding the electorate intended to incorporate section 21a into section 236.1. Neither party provides the ballot materials accompanying Proposition 35, but, taking judicial notice of them on our own motion, we observe that the materials make no reference to section 21a, its two elements, or to the generic crime of attempt that section 21a codifies.[6] Indeed, the ballot materials for Proposition 35 do not use any variation of the word "attempt" in the official summary prepared by the Attorney General for the voters. Nor is the word used in the Legislative Analyst's summary, or in the ballot statements for and against the proposition.

Next, the grievous harm section 236.1(c) guards against is the human trafficking of minors for commercial sex purposes. As *Shields* recognized, applying the specific intent required in section 21a to section 236.1(c) would require the defendant to specifically intend, or as *Shields* phrased it, "actually intend[]" to target a minor or minors for commercial sex acts. (*Shields*, *supra*, 23 Cal.App.5th at p. 1257.) But as *Shields* also pointed out, the electorate in enacting subdivision (f) of section 236.1 gave broader protection to minors by specifying that a perpetrator's claim he or she mistook a minor for an adult "is not a defense to a criminal prosecution *under this section*." (Italics added.) The purported engraftment the Attorney General advocates would negate this protection. If a perpetrator targeted a person who was actually a minor, but the jury

_____

[6] See Voter Information Guide, Gen. Elec. (Nov. 6, 2012) initiative text and accompanying materials at <https://vig.cdn.sos.ca.gov/2012/general/pdf/complete-vig-v2.pdf> [as of July 24, 2019], archived at <https://perma.cc/S87E-QZBC>.

8

believed he intended to traffic an adult, and therefore his conduct did not meet section 21a's specific intent threshold, such a mistake *would be* a defense to prosecution under section 236.1(c)'s attempt prong—contrary to the electorate's express direction. By expressly foreclosing this defense, the electorate closed the door on the Attorney General's argument.

The plain words of section 236.1, subdivision (f), also undercut the Attorney General's effort to label as a logical absurdity "[t]he notion that there could be a crime of attempting to attempt to induce a minor" into commercial sex acts. To the contrary, the plain language of subdivision (f) establishes that the electorate intended a different meaning for "attempts" in section 236.1(c) than for an "attempt" under section 21(a) because the mens rea for the two crimes are different. Under subdivision (f), the perpetrator need not harbor *any* specific mental state regarding the age of his intended victim. He may give no thought at all to the question. Instead, he bears the risk, regardless of whether he believed the minor was of age or not, that his trafficking target is a minor. As the Supreme Court explained, where the mistake of fact defense regarding a victim's age is inapplicable, the defendant commits an offense involving a minor "at his or her peril." (*People v. Olsen* (1984) 36 Cal.3d 638, 649.) Under subdivision (f), the defendant's mental state regarding the victim's minority or majority is immaterial.

The electorate could reasonably conclude in stating that a mistake of fact regarding a minor's age is not a defense "under this section"—namely, section 236.1— that the same section nevertheless provides minors broad, overlapping protection by operating alongside other Penal Code sections, including section 21a. That is, cases involving actual minors yield the harshest penalties under section 236.1(c). The defendant—not the minor—bears the risk that the victim of attempted trafficking activity may be a minor, even if the defendant has reason to believe the child is of age. And under section 21a, defendants who attempt to traffic police decoys posing as minors are

9

still subject to punishment—and therefore to sex offender registration and monitoring under section 290—when the evidence reveals they specifically intended to target a minor.

The Attorney General lamented during oral argument that, pursuant to *Shields*, a defendant could not be convicted of violating section 236.1(c) if he targeted a victim he believed to be a young child, but the purported victim was actually an undercover police officer posing as a minor on the Internet. Surely, he argued, the voters did not intend such a result. As this court has observed, however, a defendant's culpable intent is not the sole criterion by which lawmakers craft potential sentences; to the contrary, "the consequences of a petitioner's actions reflect on his or her culpability and, in turn, serve as some measure for the harshness of the sentence imposed." (*In re Nunez* (2009) 173 Cal.App.4th 709, 736.) Consequently, it is "'generally recognized that attempts are less serious'" than crimes carried through to completion. (*Ibid.*) Moreover, apart from scrutinizing potential cruel or unusual punishment issues, courts play no role in prescribing punishment. That responsibility rests with the Legislature (*In re Nunez*, *supra*, 173 Cal.App.4th at pp. 724-725, 730), and the electorate. "In California, there are no common law crimes." (*People v. Jacobo* (2019) 37 Cal.App.5th 32, 46.)

We must then turn to the words actually used in Proposition 35 to determine its meaning since "[t]he fundamental task of statutory construction is to 'ascertain the intent of the lawmakers so as to effectuate the purpose of the law.'" (*People v. Cruz* (1996) 13 Cal.4th 764, 775.) The words chosen by the enacting body "'are the best indicators of its intent.'" (*People v. Ramirez* (2010) 184 Cal.App.4th 1233, 1238.) "'In interpreting statutes, we follow the [enactor]'s intent, as exhibited by the plain meaning of the actual words of the law.'" (*People v. Loeun* (1997) 17 Cal.4th 1, 9.)

A reviewing court may not add language to a statute (e.g., *People v. Buena Vista Mines, Inc.* (1996) 48 Cal.App.4th 1030, 1034). So too we cannot subtract language from section 236.1(c). Its elementary language requires the victim to be "a

10

person who is a minor at the time of commission of the offense." While the Attorney General may argue this is an unacceptable result, "Each time the judiciary utilizes the 'absurd result' rule, a little piece is stripped from the written rule of law and confidence in legislative enactments is lessened." (*Unzueta v. Ocean View School Dist.* (1992) 6 Cal.App.4th 1689, 1699.) There is nothing ambiguous about section 236.1(c)'s language requiring that the victim be "a minor at the time of commission of the offense." Therefore, the statute's plain meaning controls.

The use of police decoys in cases like this is neither new nor novel. If the electorate had intended such cases to fall within section 236.1(c), instead of section 21a, it would have been a simple matter to say so. For example, changing the third element of section 236.1(c) from "a person who is a minor" to "a person who is a minor *or is reasonably believed to be a minor*" would have indicated such a purpose. It is generally the responsibility of elected bodies rather than the courts to rewrite the law. (*Christina C. v. County of Orange* (2013) 220 Cal.App.4th 1371, 1382.)

The Attorney General misconstrues as "analogous" authority cases that interpret section 136.1. Section 136.1, subdivision (a)(2), proscribes any person from "[k]nowingly and maliciously attempt[ing] to prevent or dissuade any witness or victim from attending or giving testimony at any trial" or similar proceeding. In support of the People's argument that factual details about a victim—such as whether he or she is a police decoy—are unimportant, the Attorney General observes that an attempt to dissuade a witness "is completed once the defendant takes an immediate step" to commit the crime, even by recruiting a third party (*People v. Kirvin* (2014) 231 Cal.App.4th 1507, 1519), such that the victim need not be contacted or made aware of the attempt. (*People v. Foster* (2007) 155 Cal.App.4th 331, 335.)

But this argument by analogy falls short since section 236.1(c) on its face requires the victim maintain a specified status at the moment the crime is committed— that of a minor—while section 136.1 does not. In effect, the Attorney General's

11

argument deletes "a person who is a minor at the time of commission of the offense" from section 236.1(c). Such an interpretation here would be akin to paring from statutes designed to protect peace officers the element that the victim must be a peace officer. (Cf. §§ 241, subd. (c), 243, subd. (b).)

In sum, we agree with the conclusion reached by the *Shields* court: Section 236.1(c), including its attempt prong, "defines the completed offense of human trafficking; the conduct described in that statute constitutes actual human trafficking; not attempted human trafficking. Thus, the intent required to commit this crime is stated in the statute itself." (*Shields, supra,* 23 Cal.App.5th at p. 1250.) As discussed, that intent includes attempts to traffic minors in commercial sex acts even when the defendant does not know the victim is a minor, but does not extend to attempting to traffic adults who are not minors.

Finally, before concluding reversal was required, the *Shields* court considered reducing the defendant's conviction for violating section 236.1(c) to an attempt under section 21a, as a lesser included offense of section 236.1(c). (*Shields*, *supra*, 23 Cal.App.5th at pp. 1257-1258.) The court concluded that alternative was not available—assuming a section 21a violation is a lesser included offense—because under the instructions given, "we cannot conclude that the jury necessarily found that appellant actually intended to traffic a minor," as required by section 21a. (*Shields,* at p. 1257.) We reach the same conclusion here because the instructions provided by the trial court as to count 1 did not require the jury to determine whether Moses specifically intended to target a minor, as would be required if a violation of section 21a were a lesser included offense of section 236.1(c). Without assurance from the instructions given that the jury determined Moses specifically harbored the required intent for a violation of section 21a,

12

we cannot reduce the section 236.1(c) conviction to that lesser attempt conviction. Reversal of count 1 is therefore required.[7]

## DISPOSITION

Moses's conviction in count 1 for human trafficking of a minor (§ 236.1(c)) is reversed, and the matter is remanded to the trial court for further proceedings, including resentencing on the remaining counts. The judgment is affirmed in all other respects.

GOETHALS, J.

I CONCUR:

FYBEL, J.

---

[7] We recognize that a specific intent attempt crime is not a lesser included offense when "the attempted offense includes a particularized intent that goes beyond what is required by the completed offense." (*People v. Bailey* (2012) 54 Cal.4th 740, 753; see, e.g., *People v. Mendoza* (2015) 240 Cal.App.4th 72, 83 [specific intent attempt crime is not a lesser included offense of a completed general intent crime].) That is the case here, where in light of subdivision (f), section 236.1(c) does not require the intent to traffic a minor, as an attempt under section 21a would. As in *Shields*, however, we simply reject the possibility—under the instructions given—that Moses's conviction could be reduced to a lesser attempt offense.

13

ARONSON, J., Dissenting in part, concurring in part.

Over several weeks, Antonio Moses recruited "Bella," a person whom he believed was a 17-year-old girl, to work for him as a prostitute. He exchanged numerous messages with Bella on a social network site. Bella, however, was a fictitious persona created by an adult male police detective. After Moses arranged to meet Bella at an Anaheim restaurant, police officers arrested him near the location. The prosecution charged him with, among other crimes, human trafficking of a minor (Penal Code, § 236.1, subd. (c); all further statutory citations are to the Penal Code). Although a jury found Moses guilty of human trafficking a minor, the majority concludes he cannot violate section 236.1, subdivision (c), because no actual minor was the victim. I disagree. As discussed below, section 236.1, subdivision (c), penalizes both completed human trafficking acts and attempts to commit the proscribed human trafficking acts. Because "factual impossibility is not a defense to a charge of attempt" (*People v. Peppars* (1983) 140 Cal.App.3d 677, 688), the jury legally could convict Moses of human trafficking under section 236.1, subdivision (c), despite the absence of an actual minor victim.

The majority's contrary conclusion is inconsistent with how our Supreme Court and other appellate courts have interpreted similar criminal statutes penalizing attempts. Moreover, under the majority's construction of section 236.1, subdivision (c), Moses's wrongful conduct would constitute an attempt to attempt to human traffick a minor. Besides leading to "a logical merry-go-round," (*People v. Gallegos* (1974) 39 Cal.App.3d 512, 516 (*Gallegos*)), the majority's construction would result in Moses receiving one-half the punishment of section 236.1, subdivision (c). This result would be inconsistent with the stated purposes underlying section 236.1, subdivision (c). As a federal appellate court has stated with respect to a similar criminal statute, "It would be contrary to the purpose of the statute to distinguish the defendant who attempts to induce an individual who turns out to be a minor from the defendant who, through dumb luck,

1

mistakes an adult for a minor.  To hold otherwise would bestow a windfall to one defendant when both are equally culpable." (*U.S. v. Meek* (9th Cir. 2004) 366 F.3d 705, 718 [concluding that an actual minor victim is not required for an attempt conviction under 18 U.S.C. § 2422(b)].)[1]  Therefore, I respectfully dissent from the reversal of the section 236.1, subdivision (c), conviction.

In 2012, the electorate enacted Proposition 35, the Californians Against Sexual Exploitation Act (the CASE Act), to "combat the crime of human trafficking and ensure just and effective punishment of people who promote or engage in the crime of human trafficking" and "strengthen laws regarding sexual exploitation, including sex offender registration requirements, to allow law enforcement to track and prevent online sex offenses and human trafficking."  (Voter Information Guide, Gen. Elec. (Nov. 6, 2012), text of Prop. 35, § 3, at pp. 100-101 (Prop. 35).)  The ballot measure also expressly found that "[w]hile the rise of the Internet has delivered great benefits to California, the predatory use of this technology by human traffickers and sex offenders has allowed such exploiters a new means to entice and prey on vulnerable individuals in our state" and that "[w]e need stronger laws to combat the threats posed by human traffickers and online predators seeking to exploit women and children for sexual purposes."  (*Id.*, Prop. 35, § 2, at p. 101.)

Among other provisions, the CASE Act added section 236.1, subdivision (c).  Section 236.1, subdivision (c), states in part: "A person who causes, induces, or persuades, or attempts to cause, induce, or persuade, a person who is a minor at the time

---

[1]    18 U.S.C. § 2422(b), provides:  "Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or *attempts to do so*, shall be fined under this title and imprisoned not less than 10 years or for life."  (Italics added.)

2

of the commission of the offense to engage in a commercial sex act, with the intent to effect or maintain a violation of [enumerated sex offenses] is guilty of human trafficking." By its express terms, section 236.1, subdivision (c), penalizes a defendant who (1) causes, induces or persuades a minor at the time of the commission of the offense to engage in a commercial sex act with the intent to effect or maintain certain enumerated sex offenses, or (2) attempts to commit the criminal conduct proscribed in (1). Under section 21a, "[a]n attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." Thus, the elements for the crime set forth in prong 2 (the attempt prong) of section 236.1, subdivision (c), are: A specific intent to commit the conduct proscribed under prong 1; and Commission of a direct, but ineffectual act toward the completion of the conduct proscribed in prong 1. Other than forming the requisite criminal intent, "commission of an element of the crime is not necessary" to subject a defendant to liability for the attempt offense. (*People v. Medina* (2007) 41 Cal.4th 685, 694.) Thus, even if a minor victim is an essential element of the crime proscribed in prong 1 of section 326.1, subdivision (c), Moses can be convicted of human trafficking under the attempt prong of section 236.1, subdivision (c), despite the absence of a victim who is an actual minor.

In reaching a contrary conclusion, the majority relies on *People v. Shields* (2018) 23 Cal.App.5th 1242 (*Shields*), a case involving similar facts. In *Shields*, the appellate court concluded that a defendant, such as Moses, could not be convicted under the attempt prong of section 236.1, subdivision (c), because that crime "explicitly requires that the victim must be under the age of 18 when the crime is committed." (*Shields*, 23 Cal.App.5th at p. 1257.) The court determined that the elements of the crime proscribed under the attempt prong of section 236.1, subdivision (c), are: (1) The defendant attempted to cause, induce or persuade another person to engage in a

3

commercial sex act; (2) When the defendant acted, he intended to commit a violation of an enumerated crime; and (3) When the defendant did so, the other person was under 18 years of age. (*Id.* at pp. 1253-1256.) It concluded that a defendant did not violate section 236.1, subdivision (c), if "the third element of that offense cannot be proven." (*Id*. at p. 1256.) Rather, *Shields* found the defendant would be guilty of an attempt to commit the offense proscribed in the attempt prong of section 236.1, subdivision (c), which would result in lesser punishment. (*Ibid*.) In other words, an attempt to commit an attempt. Thus, under the *Shields* court's construction of section 236.1, subdivision (c), Moses cannot be convicted of violating section 236.1, subdivision (c), because there was no minor victim.

The *Shields* court's interpretation of section 236.1, subdivision (c), construes the term "attempt" in a manner inconsistent with how "attempt" and its attendant legal principles have been used in California law. As the California Supreme Court has stated: ""It is a well-recognized rule of construction that after the courts have construed the meaning of any particular word, or expression, and the legislature subsequently undertakes to use these exact words in the same connection, the presumption is almost irresistible that it used them in the precise and technical sense which had been placed upon them by the courts.""" (*People v. Lopez* (2005) 34 Cal.4th 1002, 1007 (*Lopez*).) ""This principle applies to legislation adopted through the initiative process."" (*People v. Lawrence* (2000) 24 Cal.4th 219, 231.)

Although the attempt prong of section 236.1, subdivision (c), uses the term "attempt" to describe the prohibited conduct, the *Shields* court determined that crime is a nonattempt offense. (*Shields*, 23 Cal.App.5th at p. 1256.) As a result, it concluded that factual impossibility is a defense to the crime of human trafficking under the attempt prong of section 236.1, subdivision (c). (*Ibid.*) Essentially, the *Shields* court decided that "attempt" as used in section 236.1, subdivision (c), means something different from

4

"attempt" as used in section 21a and case law.  This violates the basic tenet of statutory construction that when the same term is used, it retains the same exact meaning.  (*Lopez*, *supra*, 34 Cal.4th at p. 1007.)

The *Shields* court also suggests it is unreasonable to interpret the offense described in prong 2 of section 236.1, subdivision (c), as an attempt offense because the Attorney General failed to identity any other criminal statute that "punishes an attempt and a completed offense identically."  (*Shields*, 23 Cal.App.5th at p. 1257.)  However, in this case, the Attorney General has identified several criminal statutes that provide identical punishment for the completed target offense and the attempt to commit the target offense.  More important, California courts have applied general attempt principles when interpreting those statutes.

For example, section 136.1, subdivision (a), states: "any person who does any of the following is guilty of a public offense and shall be punished by imprisonment in a county jail for not more than one year or in the state prison: [¶] (1) Knowingly and maliciously prevents or dissuades any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law.  [¶] (2) Knowingly and maliciously attempts to prevent or dissuade any witness or victim from attending or giving testimony at any trial, proceeding, or inquiry authorized by law."  In *People v. Foster* (2007) 155 Cal.App.4th 331 (*Foster*), the appellate court foreclosed a factual impossibility defense, concluding the defendant's call to a third party to deliver a warning to a witness not to testify violated section 136.1, subdivision (a)(2), even if the third party never passed the message to the witness.  (*Foster,* at pp. 333 & 334-337.)

Section 4530, subdivision (a), provides that "[e]very prisoner confined in a state prison who, by force or violence, escapes or attempts to escape therefrom and every prisoner committed to a state prison who, by force or violence, escapes or attempts to escape while being conveyed to or from that prison or any other state prison, . . . is

5

punishable by imprisonment in the state prison for a term of two, four, or six years." In *People v. Bailey* (2012) 54 Cal.4th 740 (*Bailey*), the California Supreme Court applied section 21a to interpret the meaning of "attempt to escape" in section 4530. (*Bailey*, 54 Cal.4th at p. 749.) The Supreme Court concluded it is "'error not to instruct that the crime of attempt to escape require[s] a specific intent on the part of [the defendant] to escape from the jail, plus a direct, unequivocal act to effect that purpose.' [Citation.]" (*Ibid.*) In doing so, the high court rejected the argument that "because section 4530 codifies the offense of attempt to escape . . . section 21a is inapplicable." (*Bailey* at p. 750.)

Section 4532, subdivision (a)(1), provides that any prisoner who "escapes or attempts to escape from the county or city jail, prison, . . . or from the custody of the officer or person in charge of him or her . . . or from the place of confinement in a home detention program . . . is guilty of a felony and, if the escape or attempt to escape was not by force or violence, is punishable by imprisonment in state prison for a determinate term of one year and one day, or in a county jail not exceeding one year." In *Gallegos*, *supra*, the appellate court explained that "[a]lthough an attempt to escape is made punishable under Penal Code section 4532 and not under Penal Code section 664 [citations], . . ., the essential elements of an attempt to commit a crime, so as to make the attempt itself punishable, are present in an attempt to escape as well as in those attempts made punishable under Penal Code section 664." (*Gallegos*, 39 Cal.App.3d at p. 516.) The court also rejected the argument that "there is such a crime as an attempt to attempt to escape," concluding the fact that attempt to escape is a violation of section 4532 does not convert the attempt offense to "a substantive crime." (*Ibid*.)

6

Section 288.3 and its recent interpretation in *People v. Korwin* (2019) 36 Cal.App.5th 682 (*Korwin*) is particularly persuasive.[2] Section 288.3, subdivision (a), provides: "Every person who contacts or communicates with a minor, or attempts to contact or communicate with a minor, who knows or reasonably should know that the person is a minor, with intent to commit an offense specified in Section 207, 209, 261, 264.1, 273a, 286, 287, 288, 288.2, 289, 311.1, 311.2, 311.4 or 311.11, or former Section 288a, involving the minor shall be punished by imprisonment in the state prison for the term prescribed for an attempt to commit the intended offense." In *Korwin*, the defendant "exchanged sexually explicit messages over the course of nearly five months with a law enforcement agent who Korwin believed was a 13- or 14-year-old girl." (*Korwin*, 36 Cal.App.5th at p. 684.) After a jury convicted the defendant of violating section 288.3, he challenged his conviction on the ground that the agent was not a minor. (*Id.* at p. 685.)

The appellate court rejected the challenge, concluding that "section 288.3, subdivision (a), incorporates attempt into the crime itself" and does not require an actual minor victim. (*Id.* at p. 688.) The court stated that its "interpretation is consistent with cases holding the lack of an actual minor is not a defense to an attempt to commit a sex offense against a minor." (*Id.* at p. 689.) It also rejected defendant's suggestion that "a separate charge of attempt under section 664 would be necessary for undercover operations where there is no minor victim," concluding the suggestion would be contrary to section 664, which allows for a separate attempt charge "only when no other provision is made by law for such an attempt. Additionally, requiring a separate attempt charge where the statutory language of section 288.3, subdivision (a) makes an attempt to

---

[2]    Section 288.3 was adopted by voters in November 2006, but *Korwin* was published after oral argument in this matter.

communicate with a minor with the requisite intent a completed crime would lead to 'a logical merry-go-round.'" (*Ibid.*, quoting *Gallegos*, *supra*, 39 Cal.App.3d at p. 516.)

Similarly, section 236.1, subdivision (c), incorporates "attempt into the crime itself" (*Korwin*, *supra*, 36 Cal.App.5th at p. 688), because it punishes a "person who causes, induces, or persuades, or *attempts to cause, induce, or persuade*, a person who is a minor at the time of commission of the offense to engage in a commercial sex act." (§ 236.1, subd. (c), italics added; see also *Shields*, *supra*, 23 Cal.App.5th at p. 1257 [section 236.1, subdivision (c), "does define human trafficking to include an attempt to engage a minor in a commercial sex act for an illicit purpose"].) Because attempts are punished under section 236.1, subdivision (c), no separate attempt charge is required. Stated differently, there is no such crime as an attempt to attempt to human traffic a minor. Moses actually committed the conduct proscribed in the attempt prong of section 236.1, subdivision (c); he did not attempt to do so (see § 21a ["An attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission."]).

The majority argues the offense set forth in the attempt prong of section 236.1, subdivision (c), is materially different from the general attempt offense set forth in section 21a because the former defines an offense consisting of three elements – including a minor victim – whereas the latter only has two different elements (specific intent and commission of a direct but ineffectual act). I disagree because as noted, the elements of the attempt offense in section 236.1, subdivision (c), has only two elements: (1) the specific intent to commit the offense proscribed in prong 1 of the statute, and (2) the commission of a direct but ineffectual act towards its completion.

In any event, even under the majority's construction of the attempt prong of section 236.1, subdivision (c), a minor victim is not required because factual impossibility is not a defense to even that type of attempt offense. *Korwin* is illustrative.

8

There, the court also determined a section 288.3 violation under the attempt prong has three elements, but applied general attempt principles to preclude a factual impossibility defense based on the lack of an actual minor victim. (See *Korwin*, 36 Cal.App.5th at pp. 687-688 [defining elements] & 689 ["defendant may be found guilty under section 288.3, subdivision (a) if he or she 'attempts to contact or communicate with a minor' with the requisite mental state of having reason to know the individual is a minor"].) Thus, the majority's construction of the attempt offense in section 236.1, subdivision (c), as a tripartite offense does not foreclose the applicability of general attempt principles to interpret the statute.

The majority also argues that section 236.1, subdivision (f) – which expressly precludes a mistake of age defense where the victim of human trafficking is "a minor at the time of the commission of the offense" – suggests the offense under the attempt prong in section 236.1, subdivision (c), is not an attempt offense because it removes a defense generally available to attempt offenses. (See *People v. Hanna* (2013) 218 Cal.App.4th 455, 462 (*Hanna*) [because attempt requires specific intent, mistake of fact as to age is an available defense to challenge a conviction for attempted lewd and lascivious conduct with a child under the age of 14]; but see *People v. Reed* (1996) 53 Cal.App.4th 389, 397 (*Reed*) [noting "trend toward abolition of mistake of fact as a defense to attempt crimes"].) Assuming that *Hanna* was properly decided, the appellate court there affirmed that public policy can bar a mistake-of-fact defense. (See *Hanna*, *supra*, 218 Cal.App.4th at p. 461 ["The mistake-of-fact defense, as a matter of public

9

policy, does not apply to the commission of a lewd act on a child under the age of 14 years"].)[3]

Here, section 236.1, subdivision (f), is a statement of public policy barring the mistake of age defense in cases where there is an actual minor victim. The defense would still be available for human trafficking crimes not involving actual minors, unless precluded on other grounds. (See, e.g., *Reed*, *supra*, 53 Cal.App.4th at pp. 396-397 [mistake of fact about existence of minor victims not a defense to crime of attempting to molest them because although the victims were fictional and created by undercover detectives, "if the circumstances had been as defendant believed them to be, he would have found in the room he entered two girls under fourteen available for him to engage in lewd and lascivious conduct with them"].) Thus, it is not necessary to interpret the offense described in the second prong of section 236.1, subdivision (c), as a nonattempt offense to harmonize it with section 236.1, subdivision (f), and *Hanna*.

Finally, the *Shields* court's interpretation of the attempt offense in section 236.1, subdivision (c), as requiring an actual minor victim, contradicts the stated findings and purposes of the CASE Act. As noted, the stated purposes of the CASE Act included "ensur[ing] just and effective punishment of people who promote or engage in the crime of human trafficking" and "strengthen[ing] laws regarding sexual exploitation . . . to allow law enforcement to track and prevent online sex offenses and human trafficking." (Prop. 35, § 3, at pp. 100-101.) The findings and declarations observed that "[w]hile the rise of the Internet has delivered great benefits to California, the predatory use of this technology by human traffickers and sex offenders has allowed such exploiters a new

---

[3] The *Hanna* court never explained why the public policy that bars a mistake of age defense to the commission of a lewd act on a child under age 14 would not apply to bar the defense to the attempted commission of the same offense. Mistake of fact is a defense to both general intent and specific intent crimes. (*People v. Givan* (2015) 233 Cal.App.4th 335, 343.)

10

means to entice and prey on vulnerable individuals in our state" and that "[w]e need stronger laws to combat the threats posed by human traffickers and online predators seeking to exploit women and children for sexual purposes." (Prop. 35, § 2, at p. 100.) Punishing a defendant who uses the Internet to attempt to lure a person he believes is a minor to engage in a commercial sex act for an illicit purpose in the same manner as a defendant who lures an actual minor would protect actual minors because it would deter criminals who expressly target minors. Under the majority's construction, however, police preventative measures to ferret out online human traffickers such as the sting operation conducted here would come at the cost of either securing a conviction for a lesser crime (attempt to attempt human trafficking) or putting an actual child in harm's way (by using an actual minor as the decoy). We should not discourage "proper police activities in trying to locate and punish those bent on perpetrating sex crimes against children." (*Reed*, *supra*, 53 Cal.App.4th at p. 399.) In short, construing section 236.1 as not requiring an actual minor victim "advances the statutory purpose of supporting law enforcement officers who use undercover measures to identify, deter, and punish Internet predators who attempt to sexually victimize children before they reach minor victims." (*Korwin*, *supra*, 36 Cal.App.5th at p. 690.)

In summary, a defendant violates section 236.1, subdivision (c), if he or she (1) "causes, induces, or persuades . . . a person who is a minor at the time of commission of the offense to engage in a commercial sex act, with the intent to effect or maintain [an enumerated sex offense]" or (2) attempts to do so. Because factual impossibility is not a defense to an attempt offense, a defendant may violate section 236.1, subdivision (c), even if there is no minor victim. The contrary construction of the attempt offense in section 236.1, subdivision (c), set forth in *Shields*, *supra*, 23 Cal.App.5th 1242, is inconsistent with how the California Supreme Court and appellate courts have interpreted similar criminal statutes punishing completed attempts and with the stated purposes of the

11

CASE Act.  Because the majority relies on *Shields* to reverse Moses's conviction for violating section 236.1, subdivision (c), I respectfully dissent and would affirm the conviction.


ARONSON, ACTING P. J.