Filed 12/4/25  Tarbutton v. Deutsche Bank Trust Co. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THOMAS TARBUTTON, | |
| Plaintiff and Appellant, | E083479 |
| v. | (Super.Ct.No. CVRI2301125) |
| DEUTSCHE BANK TRUST COMPANY et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Daniel A. Ottolia, Judge.

Affirmed.

Thomas Turbutton, in pro. per., for Plaintiff and Appellant.

Severson & Werson; Stinson, LLP and Jan T. Chilton for Defendants and Respondents Deutsche Bank National Trust Company and PHH Mortgage Corporation.

No appearance for Defendants and Respondents Leyla Razavi, Anderson, McPharlin & Conners, Vanessa Widener, ZBS Law, Nathaniel Brodnax and Law Offices of Les Zieve

1

Plaintiff Thomas Tarbutton filed this lawsuit seeking damages for alleged impropriety during a judicial foreclosure lawsuit and quiet title action that resulted in judgments for defendant Deutsche Bank Trust Company Americas Indenture Trustee for Registered Holders of Saxon Asset Securities Trust 2006-3 Mortgage Loan Asset Backed Notes, Series 2006-3 (Deutsche Bank). While not expressly seeking an order vacating the judicial foreclosure judgment, Tarbutton's lawsuit was in effect a collateral attack on that judgment because his causes of action were all predicated on the judgment's invalidity. After the trial court sustained Deutsche Bank's demurrer to the complaint and dismissed Tarbutton's lawsuit with prejudice, Tarbutton did not appeal. Instead, in the same lawsuit, he filed a motion to vacate the allegedly void judicial foreclosure judgment under Code of Civil Procedure section 473, subdivision (d).[1] Tarbutton now appeals from the trial court's order denying his motion.

When the trial court dismissed Tarbutton's lawsuit, his remedy was to appeal the judgment, not to file yet another collateral attack on the judicial foreclosure judgment in the same lawsuit. We affirm the order denying his motion.

I.

PROCEDURAL HISTORY

In August 2006, the Rosevear family took out a $403,797 loan from First American Capital Real Estate Services, Inc. (First American), which was secured by a first deed of trust on the Rosevear's Wildomar home. Subsequently, First American

---

[1] All additional statutory references are to the Code of Civil Procedure.

assigned the loan and the beneficial interest in the deed of trust to Deutsche Bank, but no assignment was ever recorded.

In September 2006, the Rosevears obtained a $28,500 loan from Villa Capital, Inc. (Villa Capital), which was secured by a second or junior deed of trust on their home.

The Rosevears eventually defaulted on both loans.

In February 2008, Villa Capital held a nonjudicial foreclosure sale under its second deed of trust and was the successful bidder at the trustee's sale. A trustee's deed upon sale was recorded, conveying the property to Villa Capital. And, on December 28, 2009, Villa Capital deeded the property to Villa Holdings, Inc. (Villa Holdings), which filed for Chapter 11 bankruptcy protection the following day.

In 2014, Deutsche Bank filed a judicial foreclosure action in the Riverside County Superior Court (case No. MCC1401330) against the Rosevears and others under its first deed of trust. By mistake, Deutsche Bank named and served Villa Capital as a defendant but not *Villa Holdings*, which by then was the record title owner of the property.

In December 2015, the trial court entered a default judgment in Deutsche Bank's favor. The property was later sold to Deutsche Bank at a sheriff's sale held in May 2020.

To correct the mistaken failure to serve Villa Holdings with the complaint and summons in the judicial foreclosure case, in June 2020 Deutsche Bank filed a quiet title action in Riverside County Superior Court against Villa Holdings (case No. MCC2000881) and served the summons and complaint on Tarbutton, Villa Holdings' agent for service of process. Tarbutton filed various motions and pleadings in the quiet

3

title action objecting to the complaint and to a request for entry of default when Villa Holdings did not timely answer the complaint through counsel. Because he is a non-lawyer and cannot represent a corporation, Villa Holdings' default was taken and in November 2021, the trial court entered a default judgment in favor of Deutsche Bank.

Tarbutton timely appealed from the judgment, but on May 17, 2022, this court granted Deutsche Bank's motion to dismiss the appeal, finding: (1) Tarbutton is a self-represented non-lawyer and could not represent Villa Holdings in the appeal; (2) Tarbutton was not an aggrieved party who could pursue the appeal, because he was not a named defendant in the quiet title action and he could not articulate a personal interest in the property or litigation; and (3) Tarbutton had taken no steps in the superior court to become a party of record in the quiet title action.[2] (*Deutsche Bank Trust Company v. Tarbutton* (E078324, May 17, 2022), app. dism.)

In March 2023, Tarbutton filed the verified complaint in this lawsuit against Deutsche Bank and other defendants, alleging five causes of action for fraud and deceit, one cause of action for slander of title, two causes of action for abuse of process, and one cause of action for malicious prosecution. Each cause of action was based on the defendants' allegedly unlawful conduct during Deutsche Bank's judicial foreclosure and quiet title actions. Tarbutton prayed for compensatory and punitive damages.

---

[2] This court's order dismissing that appeal was not expressly without prejudice, so by operation of law it was *with* prejudice and had the effect of affirming the judgment. (§ 913; *Estate of Sapp* (2019) 36 Cal.App.5th 86, 100.)

Deutsche Bank demurred to the complaint, arguing this lawsuit is an improper collateral attack on the judicial foreclosure judgment and that Tarbutton had not sufficiently pleaded his causes of action. On September 11, 2023, the trial court sustained the demurrer without leave to amend. Four days later, the court entered a judgment dismissing the lawsuit against Deutsche Bank with prejudice. Tarbutton did not timely file a notice of appeal.

On September 29, 2023, Tarbutton filed a motion for reconsideration of the order sustaining Deutsche Bank's demurrer. The trial court denied the motion on November 14, 2023, and the same day Deutsche Bank served Tarbutton with a notice of entry of the order.

Finally, on January 8, 2024, Tarbutton filed a motion in this lawsuit pursuant to section 473, subdivision (d), seeking an order vacating the 2016 judgment in the judicial foreclosure action on the grounds the judgment was void for failure to serve Villa Holdings with the summons and complaint. In its opposition, Deutsche Bank argued Tarbutton's motion, even if successful, would have no effect because the judicial foreclosure judgment had been effectively superseded when Deutsche Bank properly served Villa Holdings in the quiet title action that resulted in a default judgment in Deutsche Bank's favor.

On February 26, 2024, the trial court issued a tentative ruling denying Tarbutton's motion. First, the court indicated a judgment of dismissal had already been entered in the lawsuit, yet Tarbutton "fail[ed] to cite to any authority wherein he can file this motion

5

after the case has been dismissed." Next, the court ruled Tarbutton improperly brought the motion on behalf of Villa Holdings, which was not a named plaintiff, and Tarbutton, who is a non-lawyer, had no authority to represent a corporation. Last, the court agreed with Deutsche Bank that the judgment in the quiet title action rendered moot the judicial foreclosure judgment.[3] The trial court adopted its tentative ruling and denied Tarbutton's motion. Deutsche Bank served Tarbutton with a notice of entry of the ruling the same day.

Tarbutton timely appealed.

## II.

## DISCUSSION

Citing the general rule that a void judgment may be set aside at any time by direct or collateral attack, Tarbutton contends the trial court erred when it concluded it lacked authority to entertain his motion after the case had been dismissed. Deutsche Bank argues the trial court correctly denied the motion because, once the court had dismissed the lawsuit, it had no jurisdiction to entertain a postjudgment motion under section 473 to vacate a judgment rendered in a separate proceeding.

Normally, we apply a mixed standard of review to an order denying a motion for relief under section 473, subdivision (d). "[W]e consider de novo whether the judgment is void and, if it is, determine whether the trial court abused its discretion in deciding not to set it aside." (*W. Bradely Electric, Inc. v. Mitchell Engineering* (2024) 100

---

[3] The trial court mistakenly described the judgment in the quiet title action as "the Judgment in the Second Foreclosure Action."

6

Cal.App.5th 1, 12.) Whether the trial court had jurisdiction to consider Tarbutton's motion in the first place is a question we review de novo. (See *Jack v. Ring LLC* (2023) 91 Cal.App.5th 1186, 1196 ["We review de novo the question whether the trial court had jurisdiction to rule on Ring's motion for reconsideration"]; *In re Marriage of Blake & Langer* (2022) 85 Cal.App.5th 300, 308 ["when a party contends that the trial court did not have jurisdiction or authority to make a challenged order, we review the claim de novo"].)

We need not decide whether the trial court had jurisdiction to entertain Tarbutton's postjudgment motion because, assuming the court had the authority to decide the motion, under the circumstances of this case Tarbutton was precluded from pursuing that remedy.

"Either a 'direct attack' or a 'collateral attack' are the procedural mechanisms available to challenge a judgment that is allegedly void. A direct attack means an attack on the judgment in the action in which it was rendered, or a proceeding instituted for the specific purpose of attacking the judgment. [Citation.] In contrast, a collateral attack is any procedural challenge that does not constitute a direct attack. [Citation.] For example, a proceeding brought for some purpose other than specifically attacking the judgment." (*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1326-1327 (*OC Interior Services*).)

"A judgment that is void on the face of the record is subject to either direct or collateral attack at any time. [Citations.] To prove that the judgment is void, the party challenging the judgment is limited to the judgment roll, i.e., no extrinsic evidence is

7

allowed." (*OC Interior Services*, *supra*, 7 Cal.App.5th at pp. 1327-1328, fn. omitted.) "In contrast, a judgment that is valid on the face of the record is generally not subject to collateral attack. [Citations.] In other words, a judgment that is valid on the face of the record must be challenged by direct attack, such as a motion in the original action, an appeal in the original action, or an independent equitable action. [Citation.] A judgment valid on the face of the record may be set aside under Code of Civil Procedure section 473, subdivision (b) within a reasonable time after the party learns of the judgment, or it may be set aside in an independent equitable action without time limit. [Citations.] Extrinsic evidence, i.e., evidence outside the judgment roll, may be presented on direct attack of a judgment that is valid on the face of the record to rebut the presumption that the judgment is valid." (*Id*. at p. 1328, fn. omitted.)

"'A collateral attack is an attempt to avoid the effect of a judgment or order made in some other proceeding.'" (*F.E.V. v. City of Anaheim* (2017) 15 Cal.App.5th 462, 471.) When determining whether a separate proceeding is a collateral attack on a judgment, courts do not look solely at *labels* used by the plaintiff in their pleadings but to the *effect* of the claims for relief. (See, e.g., *Estate of Buck* (1994) 29 Cal.App.4th 1846, 1854, fn. 6 [concluding declaratory judgment action was collateral attack on previous order appointing successor distribution trustee].) Tarbutton's lawsuit, while ostensibly seeking compensatory and punitive damages for fraud and deceit, slander of title, abuse of process, and malicious prosecution, was in effect a collateral attack on the judicial foreclosure judgment because the claims for damages rested on the alleged invalidity of

8

that judgment. (See *Kachig v. Boothe* (1971) 22 Cal.App.3d 626, 636 ["An action for damages for malicious prosecution or fraud constitutes a collateral attack on the judgments in the prior actions"].)

Once the trial court sustained Deutsche Bank's demurrer to Tarbutton's complaint without leave to amend, entered a judgment of dismissal with prejudice, and later denied his motion for reconsideration, Tarbutton was not permitted to take a second bite at the apple and file yet another collateral attack *in the same action* in the form of a motion to void the judicial foreclosure judgment pursuant to section 473. (Cf. *Tustin Plaza Partnership v. Wehage* (1994) 27 Cal.App.4th 1557, 1566 [plaintiff who unsuccessfully opposed motion to dismiss under section 583.410 for failure to prosecute was "not allowed a second bite" at the apple by filing a motion to vacate the dismissal under section 473 based on attorney neglect].) Instead, Tarbutton's remedy was to timely appeal the judgment of dismissal and seek a reversal on the grounds he had properly pleaded causes of action in his collateral attack on the judicial foreclosure judgment. (*Ibid.* ["An appeal is the only avenue for review"].) Because Tarbutton did not do so, the judgment of dismissal is now final and, consequently, we lack any jurisdiction to review its correctness. (See *Curcio v. Fontana Teachers Assn. CTA/NEA* (2021) 68 Cal.App.5th 924, 933 [unappealed judgment of dismissal with prejudice, after order sustaining demurrer without leave to amend, was final].)

In sum, the trial court correctly denied Tarbutton's motion.

9

III.

DISPOSITION

The postjudgment order denying Tarbutton's motion to vacate the judicial foreclosure judgment is affirmed.  Deutsche Bank shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

10